## DAVID BROWN *vs.* EDWARD DELANEY.

### January 27, 1876.

**Foreclosure of Mortgage by Assignee of Part of the Notes Secured.**—A mortgage was given to secure five notes.   The three notes first maturing were assigned by the mortgagee to D., the mortgagee at the same time executing a sealed

instrument assigning to D. the mortgage, "or so much thereof as shall secure the payment of the three notes, * * * with full power to enforce the same by any and all legal means." *Held*, that if the assignment passed the mortgage so far only as was necessary to secure the paymemt of the three notes, leaving an interest in the mortgagee to secure the other two notes, the assignee would be clothed with the entire legal title of the mortgage, for the purpose of collecting his three notes, and would be authorized to avail himself of the power of sale in foreclosing under the provisions of Gen. St. ch. 18, ₰ 3

Appeal by defendant from a judgment of the district court for Scott county, where the action was tried before *Chatfield*, J., on appeal from a justice's court, and a verdict directed for plaintiff.

*Macdonald & Southworth*, for appellant.

*L. M. & D. A. Brown* for respondent.

BERRY, J. This action was commenced before a justice of the peace under the provisions of Gen. St. ch. 84, § 11.

1. The complaint is informal and inartificial in the extreme, but we think it contains allegations to the effect that plaintiff was, at and prior to the commencement of this action, owner in fee of premises which the defendant was wrongfully holding over after a sale thereof upon foreclosure of a mortgage thereon by advertisement, and after the expiration of the time for redemption. It follows that defendant's objection that the complaint fails to state a cause of action was properly overruled.

2. It appears that the mortgage was given to secure five promissory notes. Three of these (being those first maturing) were assigned by the mortgagee to one J. R. Delaney, through whom the plaintiff claims. The mortgagee also executed a sealed instrument running to said Delaney, which in one passage assigns to him "the mortgage and the lien created thereby," without any qualification or limitation, and in another and subsequent passage assigns to him the mortgage, "or so much thereof as shall secure the payment of the three notes, * * * with full power to enforce the same by any and all legal means."

There is nothing in defendant's objection that the power

of sale did not pass by the assignment because not assigned expressly and by name. The power of sale was a part of the mortgage, and would pass with it. If the assignment passed the entire mortgage, and all the rights of the mortgagee under the same, it also passed all his rights under the power of sale. If the assignment of the mortgage only passed the same so far as necessary to secure the payment of the three notes, leaving an interest therein in the mortgagee to secure the other two notes, then, as well by implication of law as by the express provision of the assignment giving the assignee full power to enforce the mortgage by any and all legal means, the assignee would be clothed with the entire legal title of the mortgage, for the purpose of collecting his three notes, and would be authorized to avail himself of the power of sale in foreclosing under the provisions of Gen. St. ch. 81, § 3.

3. The amended answer proposed by defendant was properly rejected by the court. The facts alleged in it have no tendency to show any fraud, accident, or mistake in the execution of the notes and mortgage, or to furnish any ground, either legal or equitable, for their reformation, or for relief from the consequences of their enforcement.

4. The charge of the court was entirely correct.

Judgment affirmed.