JEREMIAH FOLEY *vs.* STEPHEN C. ROSE.

Suffolk. Nov. 16, 1877. — Jan. 2, 1878. COLT & AMES, JJ., absent.

An assignment, duly recorded, by the holder of a mortgage containing a power of sale, and made to secure two notes for $1000 and $2000, of "the said mortgage deed, the real estate thereby conveyed, so far as the same is security for said note of $1000, thereby secured," transfers the mortgage as security in the first place for the payment of the whole of the note of $1000, although the assignment contains no covenant of warranty.

CONTRACT to recover $511.28. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, on agreed facts in substance as follows:

On November 18, 1873, John Foley mortgaged a parcel of land to Benjamin B. Ware and John Q. A. Clifton, to secure the payment of two promissory notes, one for $1000, payable in three years, and the other for $2000, payable in five years. The mortgage deed contained a power of sale, and provided that "out of the money arising from such sale, the grantees or their representatives shall be entitled to retain all sums then secured by this deed, whether then or thereafter payable," rendering the surplus, if any, to the grantor.

Ware and Clifton afterwards indorsed the note for $1000 to the plaintiff, and at the same time executed to him a deed of assignment, which was duly recorded on January 1, 1874, by which they assigned, transferred and set over to him and his assigns "the said mortgage deed, the real estate thereby conveyed, so far as the same is security for said note of one thousand dollars thereby secured."

On April 26, 1876, Ware and Clifton indorsed to the defendant the note for $2000, and at the same time executed to him a deed of assignment of "the said mortgage deed, the real estate thereby conveyed, and the note and claim for two thousand dollars thereby secured." The defendant purchased this note and assignment for value, and in good faith.

John Foley made default in the payment of interest due on both notes; and the plaintiff duly advertised the premises for sale by auction, on September 15, 1876, under the power of sale contained in the mortgage, and on that day sold the same to the

defendant, then still the holder of the $2000 note, as the plaintiff had previously well known, for the sum of $2010, he being the highest bidder therefor, and a memorandum in writing of such purchase and sale was duly signed by the defendant, and the plaintiff executed to the defendant in due form a deed of the premises. The plaintiff also procured a conveyance to the defendant by John Foley, the mortgagor and owner of the equity of redemption at the time of the sale, to perfect the title of the defendant under the deed of the plaintiff, if from any cause defective, and the defendant paid to the plaintiff all that the plaintiff claimed of the net amount of the purchase money, except the sum of $511.28, in dispute.

If, under the assignment to the plaintiff and the above facts, the plaintiff was entitled to have the whole of his note of $1000 and interest first paid in full, out of the mortgage security, or any fund that represents it, before the defendant, as the holder of the $2000 note was entitled to receive anything on account of his note, then judgment was to be rendered for the plaintiff for $511.28 ; otherwise, judgment was to be rendered for the defendant.

*J. A. Maxwell*, for the plaintiff.

*D. E. Ware*, for the defendant.

MORTON, J. By the assignment to the plaintiff, the mortgagees, who at that time were the holders of both notes secured by the mortgage, " assign, transfer and set over unto the said Jeremiah Foley and his heirs and assigns the said mortgage deed, the real estate thereby conveyed, so far as the same is security for said note of one thousand dollars thereby secured."

This transferred the legal title to the mortgage and the land to the plaintiff, leaving in the mortgagees only an equitable interest. The extent of this equitable interest must be determined by the construction of the assignment.

*Primâ facie* the assignment to the plaintiff to secure him for money advanced operates as security for the whole amount; and there is nothing in this instrument to show that it was intended to have a more restricted operation. The qualifying words, " so far as the same is security for said note of one thousand dollars," cannot have this effect. The same was security for the whole of the thousand dollar note.

Full effect is given to this provision by holding that it creates a trust in favor of the original mortgagees, which attaches to any surplus that may remain after the note of one thousand dollars is satisfied.

This case cannot be distinguished from *Bryant* v. *Damon*, 6 Gray, 564. There the assignment was precisely in its legal effect, and very nearly in its language, the same as in this case.

The fact that there was in that case a covenant of warranty is not material. Such covenant applies to the premises granted and does not enlarge the grant. The fact that the condition of this mortgage, it containing a power of sale, is unlike that in *Bryant* v. *Damon*, does not affect the principle of that case. The condition affects the mode of foreclosure and the rights between the mortgagor and the mortgagees, but there is nothing in it having any tendency to show that the parties intended that the assignment to the plaintiff should not operate to secure him for the whole of the note held by him in case the property should be insufficient to pay both notes. It is hardly necessary to add that the defendant, so far as this question is concerned, stands in the same position as the original mortgagees. He could take by his subsequent assignment no greater rights than they had.

We are therefore of opinion that the plaintiff is entitled to have his note paid in full out of the proceeds of the mortgaged property, and it is unnecessary to consider whether, if the defendant had a right of contribution, he could avail himself of such right in defence of this action.

*Judgment for the plaintiff affirmed.*