Mary R. Bottineau and others *vs.* Ætna Life Insurance Company. and others.

September 25, 1883.

| | |
|---|---|
| 31 | 125 |
| 40 | 481 |
| 31 | 125 |
| 44 | 523 |
| 31 | 125 |
| 45 | 419 |
| 31 | 125 |
| 51 | 179 |
| 31 | 125 |
| 54 | 5. |
| 31 | 125 |
| 81 | 441 |
| 31 | 125 |
| 83 | 39 |

**Void Foreclosure under Power—Misdescription of Place of Sale.—**A. notice of mortgage sale specifying as the place of sale "the front door of the court-house," in a village named, when, in fact, there was no court-house, nor place known as the court-house, nor front door of the court-house, in such village, is void.

**Same—Second Foreclosure.—**A void sale, or attempt to sell under the power in the mortgage, does not prevent the mortgagee proceeding again. to foreclose under the power.

**Same—Reforeclosure, by Assignee of Mortgage, for Grantees of Purchaser.—**Where a mortgagee bid in the property at a void sale under the power, and then conveyed the property to N., who conveyed portions.

of it to others, and afterwards the mortgagee assigned the mortgage to N., *held*, that these conveyances furnished no reason for the mortgagor objecting to N. foreclosing under the power.

**Foreclosure Sale—Mortgaged Parcel sold with others as one Tract.**
Where, at a sale under the power, parcels not covered by the mortgage were sold with a parcel covered by it, as one tract and for one gross sum, *held*, this did not avoid the sale as to the parcel covered by the mortgage.

Appeal by defendants from an order of the district court for Polk county, *Stearns*, J., presiding, overruling a demurrer to the complaint.

*Gordon E. Cole* and *William Hodgson*, for appellants.

*Canty & Johnson*, for respondents.

GILFILLAN, C. J.   The action is to have declared null and void two successive foreclosures, or attempts to foreclose a mortgage, under the power of sale,—the first in 1879, the second in 1882.   It is here on an appeal from an order overruling a demurrer to the complaint.

The complaint sets forth several objections to the first foreclosure, only one of which we deem it necessary to refer to.   The notice of sale specified as the place of sale "the front door of the court-house in the village of Crookston, in the county of Polk," the county in which the mortgaged premises were situated.   The complaint alleges that prior to the day of sale, on said day, and for a long time thereafter, "there never was a court-house, nor any place known as the court-house, or the front door of the court-house, in the town of Crookston, or city of Crookston, or at any other place in said county." Crookston appears to have been a city and not a village, as described in the complaint; but as there does not appear to have been more than one Crookston in the county, calling it a village could not mislead, and the misdescription was immaterial.   But, taking the allegation to be true, the notice appointed as the place of sale a place that did not exist—an impossible place.   It might as well, so far as giving notice where the sale would take place, have omitted mentioning any place.   And the designation of a place of sale is an essential requisite of the notice, without which it is in law no notice whatever.   That attempt to foreclose was utterly null.   It could not affect the right of the mortgagee to begin anew, and, by regular proceedings, execute the power of sale.

At the sale under the notice we have referred to, the company bid in the mortgaged premises, and afterwards, February, 1881, it executed a conveyance of them to one Noyes, who executed a conveyance to the defendant Frederick F. Day, and he executed conveyances of various parcels to various of the defendants. Subsequently, on December 15, 1881, the company assigned the mortgage to Noyes, and December 20, 1881, he assigned it to Frederick F. Day, both assignments being duly recorded. Day proceeded to foreclose under the power, the sale being had March 21, 1882. To this foreclosure three objections are made by plaintiffs: one, that no foreclosure could be made under the power after the prior abortive attempt to foreclose. This objection we have disposed of. Another of the objections is, that by the conveyances by Frederick F. Day, which we have mentioned, others became equitably interested in the mortgage; that, at the date of the second foreclosure, he was not, in equity, the sole owner of the mortgage, and therefore had no right to foreclose. It may be conceded that, by the conveyances, the defendants to whom they were made became, in equity, part-owners of the mortgage. But that would not affect, so far as the mortgagor was concerned, the right to foreclose under the power. The legal title to the mortgage and power of sale vested in Day. If others had an equitable interest in the mortgage, he held the legal title in trust for them to the extent of their interest. They alone could object to his action, or attempt to control him in his action, under such legal title. They could call upon him to exercise the power and enforce the security. They could object to his unnecessarily exercising it in such manner as to prejudice their interests. And if they permitted him to exercise it, they would, as between them and the mortgagor, be bound by his action. The mortgagor, whose interests were not affected by the fact that others had equitable rights in the mortgage with the one in whom the legal title was vested, could not on that fact alone object to his using such legal title. So far as concerns that objection the foreclosure was valid.

The third objection is based on these facts: At the sale, the N. W. ¼, and lots 10 and 11, in section 22, town 151, range 44, were sold

as one tract or parcel, for one gross sum. Lots 10 and 11 were not included in the mortgage, but the N. W. ¼ was. It is claimed that selling together, as one parcel, the pieces not included in the mortgage, with that included in it, rendered the sale void. This could, at most, affect the validity of the sale of the parcel in which the irregularity occurred. The sale as to other parcels was not affected by it. To the proposition that it made the sale of that parcel void, *Kipp* v. *Bullard*, 30 Minn. 84, is cited. That, however, was a case where a part of the tract sold was exempt as a homestead, and the part exempt was not ascertained, so that it was in effect an attempt to sell an unknown parcel, to be subsequently ascertained and taken out of a greater parcel. The purchaser could not know at the sale what part of the entire tract he was buying. Such a condition must necessarily have influenced purchasers to the prejudice of the owner, and the entire sale was held void. *Mohan* v. *Smith*, 30 Minn. 259, is more nearly like this case. But, after carefully considering the reasoning in that case, we think it inapplicable to a case like this. Mere irregularities in judicial sales, or sales under powers, (unless the statute provides that they shall render the sales void,) do not affect their validity, unless they may operate to prejudice some party interested. In this case the mortgagor alone complains. As bidders at the sale must be presumed to have known what property the mortgage covered, and what was properly offered for sale,—that the N. W. ¼ could be sold, and lots 10 and 11 could not; and that they could get no title to the latter pieces at such sale,—the offering of those pieces in one parcel with the N. W. ¼ cannot be supposed to have influenced the bids, and, unless it did, there could be no prejudice to the mortgagor. In this particular the case is different from *Mohan* v. *Smith;* for, in that case, the selection of the homestead was not by deed nor of record, but by parol, and may not have been known to bidders, and the offer of the whole tract as one may have influenced the bids, to the prejudice of the owner's rights. We think offering the pieces— one covered by the mortgage, and the others not—in one parcel did not affect the validity of the sale.

Order reversed.

BERRY, J., *concurring.* I agree to the conclusion arrived at in the foregoing opinion, but not to the reasoning upon the last point considered, nor to the distinction endeavored to be drawn between this case and *Mohan* v. *Smith.* I am inclined to believe that the latter case is wrong and should be overruled.