Charles B. Solberg *vs.* David Wright and others.

February 14, 1885.

Mortgage Securing Several Notes—Assignment of Entire Mortgage to Assignee of One of the Notes.—A mortgagee holding several notes secured by mortgage may assign the security to an assignee of one of the notes, so as to give him a preference in the application of the proceeds realized therefrom. And where an assignment of a mortgage purports to "bargain, sell, and assign" the same to secure the payment of the note so assigned, it is a transfer of the entire legal estate or interest of the mortgagee therein, and the latter will retain only an equitable interest in the surplus after satisfying the amount due his assignee.

Same—Who may Foreclose under Power—Application of Proceeds.— Where no such preference exists, and a mortgagee or assignee holds the legal title of a mortgage as security for several notes or claims held by different parties, the holder of the security is alone entitled to foreclose under a power, subject to the equitable control of the court as to the man-

ner of its execution, and will hold the proceeds of the sale as trustee for the parties entitled.

**Same—Application to Facts of this Case.**—Accordingly, *held*, upon the facts of this case, that the mortgage in question was properly foreclosed by the assignees thereof, though, at the time of such foreclosure, plaintiff, a subsequent assignee, held an outstanding note thereby secured. ·

Appeal by plaintiff from a judgment of the district court for Blue Earth county, where the action was tried by *Severance*, J., without a jury.

*Daniel Buck*, for appellant.

*Lorin Cray* and *Thomas & Washburn*, for respondents.

VANDERBURGH, J.  It appears from the record that on the 28th day of October, 1875, one McDonah was the owner of two notes, secured by a mortgage upon the land described in the complaint, in which he was payee and mortgagee; and that on that day he duly assigned and delivered one of the notes, viz., the one falling due June 1, 1876, to John Thomas and O. W. Price; and did also, upon the same day, as found by the court, "bargain, sell, and assign said mortgage to said Thomas and Price to secure the payment of said note."  The assignment was duly recorded November 15, 1875.  Thereafter, on December 1, 1875, the mortgagee, McDonah, who retained the remaining note, which had matured June 1, 1875, sold and assigned the same to the plaintiff, and delivered over to him, without written assignment, the original mortgage.  Thomas and Price foreclosed the mortgage by advertisement, and bid in the premises under a sale thereof on the fifth day of December, 1876.  After the expiration of the time of redemption they sold the land to the defendant Perrin, who mortgaged the same to defendant Shepherd.  The plaintiff now brings this action to foreclose the mortgage, and claims that the prior foreclosure was unauthorized and void.

As between several assignees of the same mortgage, the record of an assignment is notice to subsequent purchasers and assignees.  It was competent for McDonah, while the owner of the mortgage and of both notes, to assign the mortgage security to Thomas and Price so as to give their note the preference in the application of the proceeds realized from the security.  *Wilson* v. *Eigenbrodt*, 30 Minn. 4.  And

v.33m—15

this is, we think, the legal construction of the assignment which appears to have been made by him; that is to say, he assigned his entire legal estate or interest in the mortgage to secure their note. He would then retain only an equitable interest in the surplus after satisfying their claim, and his subsequent assignee, the plaintiff, would simply succeed to his rights. *Foley* v. *Rose*, 123 Mass. 557; *Bryant* v. *Damon*, 6 Gray, 564. If, however, the nature of the assignment were otherwise, and Thomas and Price held the mortgage as their assignor held it, as security for both notes, still they would hold the legal title thereof, and would be entitled to foreclose under the statute, and to execute the power of sale, subject to the equitable control of the court as to the manner of its execution and the disposition of the proceeds of the sale. *Bottineau* v. *Ætna Life Ins. Co.*, 31 Minn. 125; *Brown* v. *Delaney*, 22 Minn. 349; 4 Kent, Com. *147; *Wilson* v. *Troup*, 2 Cow. 195; *Slee* v. *Manhattan Co.*, 1 Paige, 48, 78. If plaintiff was equitably entitled to a *pro rata* interest in the security, then Thomas and Price held the proceeds of the sale to that extent as trustees for him; or, if they were preferred by the form of the assignment to them, then, as before intimated, his sole interest or equity would be in any surplus that there might be.

In *Wilson* v. *Eigenbrodt*, *supra*, and *Hall* v. *McCormick*, 31 Minn. 280, the proceedings were by suit in equity, and the only question was as to the application of the proceeds of the mortgage security. The question whether a mortgagee or assignee might not still exercise the power of sale, though one of several notes secured thereby has been transferred, was not involved.

The transfer of a portion of the mortgage debt will not carry with it a corresponding portion of the power, (4 Kent, Com. *147,) though it may be exercised by several jointly, where they are legally invested with it. And to entitle an assignee to foreclose under the statute, his assignment must be in writing and recorded.

But here it sufficiently appears that the mortgage was duly and legally foreclosed by the assignees, Thomas and Price. Such foreclosure was valid and binding upon the mortgagor, and his title to the premises has passed to these defendants, who, if purchasers in good faith, are protected against any equitable claim of the plaintiff to the

mortgaged premises. Plaintiff would be bound to take notice of the existence of the outstanding note and assignment to Thomas and Price, and might protect himself by seasonable proceedings to foreclose by action, joining the proper parties, or by bidding at the sale, or, if sufficient grounds existed therefor, by taking proper proceedings to impeach the sale.

Judgment affirmed.