FRANK BURKE, JR., *et al. vs.* HENRY M. BACKUS, *et al.*

Argued Oct. 18, 1892. Decided Oct. 29, 1892.

**Mortgage Foreclosure—Failure to Record Assignment.**
　　*Backus* v. *Burke,* 48 Minn. 260, adhered to and followed.

**Same—Not Cured by Laws 1883, ch. 112.**
　　The defects in a notice of mortgage sale under a power, referred to in Laws 1883, ch. 112, do not include an omission to record an assignment of the mortgage before giving the notice.

**Laches.**
　　*Held,* also, that, upon the facts, the right to maintain this action had not been lost by laches.

Appeal by defendants, Henry M. Backus, Edward L. Bradley, Alva W. Bradley and the American Loan and Trust Company, from a judgment of the District Court of St. Louis County, *Stearns,* J., entered May 13, 1892, adjudging that the plaintiffs, Frank Burke, Jr., Rufus P. Edson, and Wallace Warner, are the owners of the land in dispute.

The facts in this case are the same as those in *Backus* v. *Burke*, 48 Minn. 260. The defendants in that case, before it was decided, brought this action to remove the cloud of the Tischer foreclosure, and to have the title to the property in dispute adjudged in them. The District Court, before the decision of this court in *Backus* v. *Burke,* made findings adjudging the defendants to be the owners of the land, but after the decision in *Backus* v. *Burke,* on motion, amended its findings to conform to the decision in that case, and ordered judgment in favor of the plaintiffs. Judgment was so entered, and defendants appeal. The discussion here was substantially a reargument of the questions decided in the previous case, and they are not restated here.

*Wm. W. Billson,* for appellant.

The respondents are barred by Laws 1883, ch. 112, from questioning the validity of the sale. That act provides that no mortgage sale under a power shall be held invalid, or set aside, by reason of "any defect in the notice thereof," etc., after five years from the date of such sale. What constitute defects in the notice of sale? In a broad, but perfectly legitimate and conventional sense, the notice may be defective, although faultless in form and contents; there may be defects in its operation or legal efficiency. A legal notice which is ineffectual is certainly defective. By the commonest usage, an ultimate act or proceeding is characterized as defective when it is made inoperative by irregularities or omissions in the proceedings essentially preliminary to it. *Wistar* v. *Foster,* 46 Minn. 484; *Sanborn* v. *Cooper,* 31 Minn. 307. The failure to record the assignment was, within the commonest forms of speech, a defect in the notice of sale.

The limitation act of 1883 is available to defendants, though not urged in the court below by demurrer, answer or otherwise. *Kennedy* v. *Williams,* 11 Minn. 314, (Gil. 219;) *McArdle* v. *McArdle,* 12 Minn. 98, (Gil. 53;) *Davenport* v. *Short,* 17 Minn. 24, (Gil. 8;) *Trebby* v. *Simmons,* 38 Minn. 508; *Humphrey* v. *Carpenter,* 39 Minn. 115; *Burk* v. *Western Land Assn.,* 40 Minn. 506.

The right to maintain this suit for equitable relief has been lost

by laches. Seventeen years elapsed between the date of the foreclosure and the commencement of the action to set it aside. This delay was not excused or explained, and is sufficient to justify the claim of laches. *Learned* v. *Foster*, 117 Mass. 365; *Munn* v. *Burgess*, 70 Ill. 604; *Broderick's Will*, 21 Wall. 503; *Smith* v. *Talbot*, 18 Tex. 774.

*Edson & Hanks, J. W. Bull*, and *Cash & Williams*, for respondent.

The limitation prescribed by the Act of 1883 has clearly no application to this case. This is not a case of defective or irregular exercise of a right, but rather one where the conditions for the exercise are wholly wanting. Under the rule claimed by appellant, a mortgagee, who has never recorded his mortgage, could foreclose, and the proceedings be within the purview of the act. This case is even stronger than the cases of *Bausman* v. *Kelley*, 38 Minn. 197; and *Welsh* v. *Cooley*, 44 Minn. 446.

There are no laches shown in this case. Every element constituting laches is wanting. No issue of laches was raised or attempted, either by the pleadings or the evidence. Before a party is estopped by reason of delay from asserting his rights, there must be some fault on his part. *Bausman* v. *Faue*, 45 Minn. 412. In the case at bar, the plaintiffs own the legal title, unless divested by the foreclosure, and can enforce their rights at any time, until barred by the statute of limitations. *Morris* v. *McClary*, 43 Minn. 346; *Stocking* v. *Hanson*, 35 Minn. 207; *Bausman* v. *Kelley*, 38 Minn. 197; *Sanborn* v. *Eads*, 38 Minn. 211; *Welsh* v. *Cooley*, 44 Minn. 446.

MITCHELL, J. The facts in this case are the same as in *Backus* v. *Burke*, 48 Minn. 260, (51 N. W. Rep. 284,) the only difference being that the position of the parties as plaintiff and defendant is reversed.

The briefs of counsel consist mainly of a reargument of the question decided in that case, defendants' counsel urging that that decision was erroneous, and ought to be overruled. In view of the ability of counsel, and his evident conviction that the decision was wrong, we have re-examined the question with special care, but see

no reason to change our views, or to doubt the correctness of our former opinion.

The question was so fully considered by Justice Collins in the other case that it is unnecessary to review the discussion here, beyond pointing out some errors into which we think counsel has fallen.

Taking some general expressions of the court, separated from the facts with reference to which they were uttered, counsel assumes that we held that, to entitle a party to exercise a power of sale on a mortgage, everything must be of record necessary to show that the party exercising the power has the right to do so; thus reading into the statute by implication something not contained in its language.

We have never decided that the statute was as broad as this. On the contrary, we have always held that all that the statute required to be recorded was the mortgage and the assignments, if any. Thus in *Baldwin* v. *Allison,* 4 Minn. 25, (Gil. 11,) it was held that, when the power was exercised by an administrator, evidence of the death of the mortgagee and of the appointment of an administrator was not within the statute, because the devolution of title upon the personal representative by operation of law was not an "assignment," within the meaning of the act; that it had reference only "to such assignments as are the subject of contract, and are made by the act of the parties." Again, in *Morrison* v. *Mendenhall,* 18 Minn. 232, (Gil. 212,) it was held that, where an assignment of a mortgage had been executed by an attorney, it was not necessary for his letters of attorney to be recorded, because the statute only required the mortgage and assignments to be recorded. In view of the manifest purpose and policy of the statute, this may have been too strict and narrow a construction; but, having now become a rule of property, it must be adhered to. In that case, however, the policy of the statute and the construction placed upon it were very clearly but guardedly stated as follows: "The manifest purpose of this requirement of the statute was to make the contents of the mortgage, and, *as far as the statute goes,* to make the title of the mortgagee, a matter of record; * * * and as it was, for such purposes, made necessary that all assignments shall be recorded, it follows that they

v.51M.—12

must be in writing. *A mere equitable or parol assignment would not answer."*

The fundamental error, as it seems to us, into which counsel has fallen, results from a misapplication of the expression "assignments by operation of law." He assumes that, because by payment of the debt, as security for which Tischer had assigned the mortgage to the bank, he became revested with the ownership of the mortgage without any formal or written reassignment, therefore this transfer of title was done by *mere operation of law*, and hence not required to be recorded. This mistake may have been induced by the fact that the term "assignment," (which implies a transfer of property by contract or by the act of the parties,) is sometimes inaccurately applied to a devolution or casting of title by the single operation of law. But the term "by operation of law" refers to cases where the title or right of property vests in a person, not by his own act or agreement, but by the single operation of law, as in the case of the devolution of title upon an administrator, or where the estate of an intestate is cast upon the heir. But this is not such a case. It is true that upon Tischer's paying his debt to the bank he became revested with the ownership of the mortgage, but this was the result of his own act, and not by mere operation of law. Suppose a person buys a debt secured by mortgage without taking a formal assignment of the mortgage, upon a familiar legal principle, the mortgage follows the debt, and the assignee of the latter becomes the equitable owner of the former; but no one would claim that this was by single operation of law, or that the assignee of the debt could exercise the power of sale in his own name. The case supposed is the same in principle as the one in hand. The fact that the assignment of the mortgage to the bank was not absolute, but merely as collateral security, is not material. The case is not different from what it would have been had Tischer made an absolute sale and assignment to the bank, and subsequently repurchased.

Our own decisions have repeatedly recognized the doctrine that the debt, and consequently the real ownership of the mortgage, may be in one person, while what may be termed the "legal title" of the

mortgage is in another; and that in such cases the power of sale must be exercised in the name of the party who has the legal title to the instrument. *Brown* v. *Delaney,* 22 Minn. 349; *Bottineau* v. *Aetna Life Ins. Co.,* 31 Minn. 125, (16 N. W. Rep. 849;) *Solberg* v. *Wright,* 33 Minn. 224, (22 N. W. Rep. 381.) Of course, in the absence of a statute requiring it, a power of sale might be exercised without even the mortgage being recorded; but, under our statute, if an assignment of the mortgage by the mortgagee has been executed and recorded, the only way by which he can be restored to a position authorizing him to exercise the power of sale in his own name is to procure a written reassignment of the mortgage, and place it on record. As was said in *Baldwin* v. *Allison,* "a mere parol or equitable assignment would not answer." Any other doctrine would entirely defeat the purpose and policy of the statute.

2. It is further contended that this action is barred by Laws 1883, ch. 112, which provides that "no such sale shall be held invalid or set aside by reason of any defect *in the notice thereof,* or in the publication or posting of *such notice,* or in the proceedings of the officer making such sale, unless the action be brought or the defense interposed within five years after the date of sale."

The argument is that the defects which the legislature had in mind had reference to the legal effect and efficiency of the notice, rather than the defects in form; that, viewed with reference to a foreclosure, recording the mortgage or assignments is merely preliminary to the notice, and therefore the omission to record was "a defect in the notice of sale." On the same line of reason, had the statute mentioned merely "defects in the proceedings of the officer making the sale," the same result could be arrived at, for it might, with equal propriety, be said that the recording was merely preliminary to the sale. The language of the statute is too specific and limited to admit of any such construction. The recording of the mortgage and assignments is an essential prerequisite to the right to give a notice of sale at all, and the statute presupposes the existence of the conditions authorizing the exercise of the power, and deals only with certain specified irregularities in its exercise.

3. It is also contended that the right to maintain this action, if not barred by the statute of limitations, has been lost by laches. This point was neither raised nor suggested in the court below, either in the pleadings or the evidence, and consequently was never considered by the trial court. Therefore we do not think it is open to appellants in this court, especially in view of the fact that the question whether the right to relief has been lost by laches depends upon a variety of considerations, of which the mere lapse of time is only one. But, in any view of the matter, the record presents no case for the application of the doctrine of laches. The only thing that does appear is the bare fact that seventeen years elapsed between the foreclosure and the commencement of this action. The property has remained vacant and unoccupied, and presumably unimproved. There is nothing to show that its value has changed. It does not appear that the defendants have been misled by the delay. On the contrary, the dates of the execution and record of the deeds from the mortgagor and the purchaser at the foreclosure sale, respectively, under which the parties claim, tend to negative the idea that any one has been misled. Neither is there anything, unless it be the lapse of time, to indicate that the delay was blamable. The plaintiffs are not asking any equitable relief to perfect their title, but simply stand on their valid legal title, alleging that defendants' adverse claim is void, and asking that it be so adjudged. Under such a state of facts, we do not see that the right to maintain the action could be lost by any lapse of time short of the running of the statute of limitations.

Judgment affirmed.

(Opinion published 53 N. W. Rep. 458.)