### WEIR v. BIRDSALL.

(Supreme Court, Appellate Division, Third Department. March 2, 1898.)

1. MORTGAGE FORECLOSURE—RECOVERY OF POSSESSION.
   One seeking to obtain possession under a foreclosure by advertisement assumes the burden of showing a compliance with the statutory requirements.

2. SAME—NOTICE OF SALE.
   Under Code, § 2391, subd. 1, requiring the notice of sale in a foreclosure by advertisement to specify the name of each assignee of the mortgage, where a mortgage given to secure the indorsers on several notes was by the latter assigned as a collateral security to a bank discounting one · of the notes by an assignment absolute on its face, the omission by the mortgagees to state in the notice the name of such assignee renders the sale invalid, though the assignment was not recorded (the statute not requiring it), and the omission might not have injured the mortgagor.

3. NATIONAL BANKS—POWERS.
   A national bank may take an assignment of a mortgage as collateral security.

Appeal from Broome county court.

Proceeding by Samuel J. Weir against Wilbert S. Birdsall and others. From an order awarding petitioner the possession of certain real estate, defendant Birdsall appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Perkins & Parsons, for appellant.
John P. Wheeler, for respondent.

MERWIN, J. The order appealed from in this case was made in a summary proceeding instituted to obtain possession of real property upon the foreclosure of a mortgage by advertisement. Code Civ. Proc. § 2232. On February 1, 1897, Wilbert S. Birdsall executed and delivered to John P. Wheeler and Samuel J. Weir a bond and mortgage

dated that day, as security, as stated therein, for the payment of four notes,—one of $800, of same date as the bond and mortgage; two of $350 each, dated December 18, 1896, due in two and four months, respectively; and one of $150, dated December 18, 1896, and due in three months. These notes were made by Birdsall, and the three first named were indorsed by Wheeler and Weir, and the last one by Weir and one Alden. The mortgage covered certain real estate then owned by Birdsall, and contained the ordinary power of sale. It was duly acknowledged and recorded on February 1, 1897. At the same date the $800 note was discounted by the First National Bank of Binghamton, and the bond and mortgage, with an assignment in due form, duly executed and acknowledged by Weir and Wheeler, were delivered by Wheeler and Weir to the bank. This assignment is, on its face, absolute. It is shown by parol evidence that it was in fact given as collateral security for the payment of the $800 note transferred to the bank. The assignment has not been recorded. When the $800 note became due it was taken up by the indorsers, Weir and Wheeler, their own note being given therefor, and the bond and mortgage being still held by the bank as collateral. The bank, up to the time of the trial herein, continued to hold the said note or its renewal, together with the bond and mortgage and assignment. In May, 1897, Wheeler and Weir, as mortgagees, commenced a foreclosure of the mortgage by advertisement, the sale being noticed for August 14, 1897. At the sale Weir became the purchaser at the price of $1,250. In the notice of sale it was stated that there was due at the time of the first publication the sum of $873.37, being $850 of principal, with its interest, and that there was to become due the sum of $800 of principal, with interest from February 1, 1897. Nothing was said in the notice about any assignment. Just prior to the sale, Birdsall served a notice on Mr. Wheeler and the attorney for the mortgagees, forbidding the sale upon the grounds that it was not conducted by the real party in interest, that the bond and mortgage had been assigned to and was held by the bank, that the notice did not mention any assignment or state the name of the assignee, and did not comply with the law. The purchaser, Weir, after making a demand brought this proceeding.

A compliance with the statutory requirements relating to foreclosure by advertisement is a condition precedent to a valid sale under the power contained in the mortgage, and a person claiming title under such a foreclosure assumes the burden of showing that the statutory requirements were complied with. Van Vleck v. Enos, 88 Hun, 348, 34 N. Y. Supp. 754; Mowry v. Sanborn, 68 N. Y. 153, 161. In many cases it has been said that every requirement of the statute must be strictly complied with. Sherwood v. Reade, 7 Hill, 431, 434; Van Slyke v. Shelden, 9 Barb. 278, 285; 9 Enc. Pl. & Prac. 166, and cases cited. By section 2388 of the Code of Civil Procedure it is provided that "the person entitled to execute the power of sale" must give the notice, and it must be subscribed by him or his attorney or agent. By section 2391 it is provided, among other things, that the notice of sale must specify "(1) the names of the mortgagor, of the mortgagee, and of each assignee of the mortgage; (2) the date of the mortgage, and the time when and the place where it is recorded." There is no requirement for stating

the time and place of record of any assignment. or that it need be recorded.   Upon the facts appearing here, two questions are presented: First, whether the mortgagees, Wheeler and Weir, were entitled to execute the power of sale, there being an outstanding assignment absolute on its face, but held in fact as collateral security; and, second, whether, if they were entitled to execute the power, they have complied with the statute.   Under the assignment the bank had undoubtedly a right to exercise the power of sale, and to have their debt paid in preference to the balance of the mortgage.   Slee v. Manhattan Co., 1 Paige, 47, 78; Mechanics' Bank v. Bank of Niagara, 9 Wend. 410;  Foley v. Rose, 123 Mass. 557;  1 Jones, Mortg. (5th Ed.) § 822.   The bank was the legal owner of the bond and mortgage, but upon the facts shown the mortgagees had an equitable interest.   Whether this equitable interest was such as to give them the right to exercise in their own name the power may admit of some doubt.   If, as said by Chancellor Kent (4 Kent, Comm. *147), the power is not divisible, it would seem to be wholly vested in the assignee.   In Cohoes Co. v. Goss, 13 Barb. 137, the Albany Exchange Bank, being the owner by assignment of a mortgage given by Goss, assigned it to the comptroller of the state.   While it was in the hands of the comptroller, proceedings were instituted in the name of the Exchange Bank as assignee to foreclose the same under the statute, and a sale was made.   It was held that the sale was invalid, and that the purchaser acquired no title, as the sale was not made in the name of the comptroller as assignee.   In that case the assignment to the comptroller was evidently as security, and the Exchange Bank had an equitable interest.   There is some force in the suggestion that the person exercising the power must hold the legal title. See 2 Jones, Mortg. § 1785, and cases cited.   If, in a case like the present, the mortgagees had brought an action of foreclosure, the assignee would have been a necessary party.   Simson v. Satterlee, 64 N. Y. 657. So that it is at least doubtful whether the mortgagees, in their own names solely, could exercise the power.

Assuming, however, that the mortgagees, as owners of a part of the debt secured by the mortgage, may have a right to execute the power (4 Rev. St. [8th Ed.] p. 2451, § 133;  Real Property Law, § 126), the further question is whether the proceeding was invalid by reason of the omission to state in the notice the name of the assignee, or refer at all to the assignment.   The statute is imperative that the notice must state the name of each assignee.   I know of no authority for dispensing with such an absolute requirement.   It is urged that the statute only refers to absolute owners by assignment.   That is a limitation not found in the statute, and there is no apparent reason for implying it.   The fact that the assignment was not recorded is not here material, as the statute did not require it.   There is no question here under the recording act.   Nor is it material to inquire whether the mortgagor was injured by the omission.   He was entitled to have the statute complied with.   From the notice as published it might be inferred that the mortgagees were the entire owners.   The mortgagor, or any one desiring to purchase at the sale, might well be in doubt whether the rights of the assignee would be cut off by the sale, and this would materially affect the bidding.   The bank had a right to take

the assignment. Bank v. Whitney, 103 U. S. 99. The sale was, I think, invalid by reason of noncompliance with the statute, so that the respondent did not acquire title. It follows that the order appealed from must be reversed.

Order reversed, with costs, and restitution ordered. All concur.