NORTHERN CATTLE COMPANY v. GEORGE H. MUNRO.[1]

. April 26, 1901.

Nos. 11,605—(4).

### Sale of Mortgage Note without Assignment—Foreclosure.

Where a mortgagee sells to another one of several notes secured by a real-estate mortgage containing the usual power of sale, but makes no assignment of the mortgage, the purchaser takes an equitable pro rata interest in the security; but the legal title of the mortgage, and the sole right to exercise the power of sale, remain in the mortgagee, and he alone is authorized to foreclose the mortgage by advertisement.

### Foreclosure—Payment by Sheriff to Legal Holder.

If the mortgagee does so foreclose the mortgage, and the sheriff making the sale pays to him the whole of the proceeds of the sale without notice that one of the notes has been so sold, he is not liable to the owner thereof for the amount due thereon.

Appeal by plaintiff from an order of the district court for Stevens county, C. L. Brown, J., sustaining a demurrer to the complaint. Affirmed.

*Spooner & Shelley* and *Marshall A. Spooner*, for appellant.
*William C. Bicknell*, for respondent.

START, C. J.[2]

This is an appeal by the plaintiff from an order sustaining a

[1] Reported in 85 N. W. 919.
[2] BROWN, J., having heard the case in the court below, took no part.

general demurrer to its complaint.  The material facts alleged in
the complaint are to the effect following:  A mortgagee in a
real-estate mortgage containing the usual power of sale and se-
curing five promissory notes of $280 each sold one of the notes,
which came to the hands of the plaintiff as owner in the usual
course of business.  No written assignment of the mortgage or
any interest therein was ever made by the mortgagee or any one
else.  The mortgagee, after default in the conditions of the mort-
gage, and on February 21, 1895, foreclosed it by advertisement,
pursuant to the power of sale therein.  In his notice of sale he
claimed as due and unpaid upon the mortgage the full amount
originally secured thereby.  The foreclosure sale was made by
the defendant as sheriff, and the mortgaged premises sold for an
amount, plus the costs of foreclosure, equal to the entire in-
debtedness secured by the mortgage, including the amount due
upon the note owned by the plaintiff, which was then, and ever
since has been, in its actual possession.  He had no notice of
the foreclosure sale until after the date thereof.  The defendant,
as sheriff, received the amount for which the premises were sold,
and prior to the commencement of this action, which was about
February, 1898, the plaintiff demanded from the defendant the
amount of his note, and it was refused.

The complaint does not allege that the defendant had any
knowledge at any time that the plaintiff was the owner of one of
the notes secured by the mortgage, or that he had any interest
or equity in the proceeds of the foreclosure sale, or that the
defendant had in his hands such proceeds, or any part thereof,
at the time such demand was made.  The appellant, however,
claims that it appears from the complaint that the defendant still
retains in his possession the proceeds of the foreclosure sale,
because it is alleged therein that they were paid to him at the
time the sale was made, some three years before the commence-
ment of this action.  Such is not the necessary or reasonable in-
ference from the allegations of the complaint.  The rule that a
condition of things once shown to exist is presumed to continue
until the contrary is made to appear has no application to this
case, for it was not the duty of the sheriff to retain the money,

but to pay it to the party appearing to be entitled thereto; and it cannot be presumed that he neglected his duty in this respect for the purpose of helping out the allegations of the complaint.

. The only question, then, for our decision, is whether a sheriff who makes the sale on the foreclosure by the mortgagee of a real-estate mortgage by advertisement, and pays the whole proceeds of the sale to him, without any notice that one of the notes secured by the mortgage has been sold to a third party, is liable to such party for the amount of his note. We answer the question in the negative. The plaintiff, by the transfer of one of the notes secured by the mortgage, acquired an equitable pro rata interest in the security, but no legal title to the mortgage, nor any right to exercise the power of sale by virtue of which the mortgage was foreclosed. The legal title to the mortgage and the right to exercise the power of sale remained in the mortgagee, and he alone had the right to foreclose the mortgage by advertisement. But he held the plaintiff's equitable pro rata interest therein in trust for him, and when he received the proceeds of sale he held so much thereof as belonged to the plaintiff in trust for him. Wilson v. Eigenbrodt, 30 Minn. 4, 13 N. W. 907; Bottineau v. Aetna L. Ins. Co., 31 Minn. 125, 16 N. W. 849; Solberg v. Wright, 33 Minn. 224, 22 N. W. 381; Burke v. Backus, 51 Minn. 174, 178, 53 N. W. 458. It was the right and duty of the defendant, as sheriff, to pay the whole amount necessary to satisfy the mortgage to the mortgagee, who had the sole legal right to foreclose it by advertisement, unless he had notice of the plaintiff's interest therein. The complaint does not state a cause of action, because it fails to allege that the defendant had such notice.

Order affirmed.