FREDERICK W. WEHRUM, Appellant, *v.* CHARLES V. WEHRUM, Individually and as Executor, etc., of CHARLES C. WEHRUM, Deceased, and Others, Respondents.

First Department, November 9, 1917.

**Mortgages — assignment of interest in estate as collateral security — constituting mortgage with power of sale — foreclosure by advertisement — compliance with provisions of Code of Civil Procedure — burden of proof — failure to give notice of sale — purchaser under void sale not mortgagee in possession.**

An assignment of an interest in an estate as collateral security for the payment of a bank note which contains a provision that the bank may, in case of default, " sell, in one or more sales, all or any of said security at any broker's board, or at public or private sale, with or without demand of payment or of the other performance or notice of intention to sell or of time or place of sale " constitutes a mortgage with power of sale in the mortgagee, and must be foreclosed in the manner prescribed by the Code of Civil Procedure.

The foreclosure of a mortgage by advertisement must be strictly in accordance with the provisions of the Code of Civil Procedure, or the sale of the property will be void.

A person claiming title by a foreclosure by advertisement assumes the burden of showing compliance with the provisions of the Code of Civil Procedure.

A sale in a proceeding for the foreclosure of a mortgage by advertisement in which the notice required by the Code was not given, is void and the purchaser is not a mortgagee in possession.

APPEAL by the plaintiff, Frederick W. Wehrum, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 4th day of April, 1917, dismissing the complaint upon the merits after a trial before the court without a jury.

*Oscar Wagner,* for the appellant.

*Jeremiah T. Mahoney,* for the respondents.

PAGE, J.:

This action was brought for the partition of certain real estate situated in the county of New York, known as 1201 and 1203 Park avenue. This property was prior to 1908 in the possession of Charles C. Wehrum, who died on March 11, 1908. By his will, which was admitted to probate on

March 30, 1908, he devised the said premises to his children, Frederick W. Wehrum, plaintiff, and the defendants, Charles V. Wehrum, John H. Wehrum, Jennie M., Edward F., Delafield B. and Charles C., Jr., in equal shares. The executors of the will were Charles V. Wehrum and John H. Wehrum who have not as yet accounted. Edward F. Wehrum, one of the children of Charles C., has since deceased, leaving the infant defendants him surviving. In December, 1911, Frederick W. Wehrum borrowed money from the Marine National Bank of the City of Buffalo and executed the following instrument: " In consideration of a loan about to be granted to me by the Marine National Bank of the City of Buffalo, New York, and as collateral security to said loan and any renewals thereof, I hereby sell, assign, transfer and convey to said Marine National Bank all of my right, title and interest in and to the estate of Charles C. Wehrum, deceased, late of the City of New York, City and County of New York State.

" *In Witness Whereof,* I have hereunto set my hand and seal this 13th day of December, 1911.

FREDERICK W. WEHRUM [L. s.]

" Witnessed by

" ULYSSES S. THOMAS.

" Value of said interest I value at approximately $12,000.00.                    FRED'K. W. WEHRUM."

In 1912 the plaintiff, in renewal of the loan, delivered a similar instrument, and again in 1914 executed and delivered the usual form of a bank note with collateral, the collateral being stated to be the assignment of the interest of plaintiff in his father's estate, and provision is made in case of default in the payment of the note, that the bank may " sell, in one or more sales, all or any of said security, at any broker's board or at public or private sale with or without demand of payment or of other performance or notice of intention to sell or of time or place of sale."

On or about the 28th day of November, 1914, the said notes were assigned by the bank to Charles V. Wehrum, as trustee. This action in partition was commenced in June, 1915, and after the same was upon the calendar for trial,

Charles V. Wehrum, as trustee, and Charles V. and John H., as executors, wrote to the plaintiff demanding payment of the balance remaining due on the note of $2,000, and stated: "We wish also to notify you that unless you make payment of the balance due upon said note within 24 hours, it is our intention pursuant to the terms and provisions of the aforesaid assignment to offer at public auction for sale such remaining interest as you may have in your father's estate." This notice was received by the plaintiff on the eleventh of October. It is stipulated that on the seventeenth and eighteenth of October notice of the sale was advertised in the New York *Times* and in the *Law Journal*, and that the sale took place on the eighteenth of October, and that Jennie M. W. Ferris, formerly Jennie M. Wehrum, became the purchaser of the plaintiff's interest in the property.

The transaction in question between the bank and the plaintiff resulted in a mortgage with power of sale in the mortgagee. A mortgage with power of sale in the mortgagee must be enforced in the manner prescribed by statute. In *Lawrence* v. *Farmers' Loan & Trust Co.* (13 N. Y. 200, 211) a mortgage contained a power of sale in almost the identical language of the one in the instant case. Sale was private. The court said: "The provisions of these statutes and their whole policy are incompatible with the right of the parties to regulate the mode of sale under powers of this description by their own contract. The statute adopts the power and assumes to regulate its exercise in a manner which its makers supposed would give effect to the mortgage security, while it guarded the mortgagor against oppression * * *. The parties in this case, for example, have agreed that the sale may be private by which I understand a sale without notice. The statute declares that ' every sale ' by virtue of such a power shall be public, and after notice."

In a foreclosure of a mortgage by advertisement the statute (Code Civ. Proc. §§ 2387, 2388) must be strictly followed, or a sale of the property will be void. The person claiming title by such a foreclosure assumes the burden of showing compliance with the statutory requirements. (*Weir* v. *Birdsall*, 27 App. Div. 404, 405; *Deutsch* v. *Haab*, 135 id. 756, 758.)

In the case at bar it was not proved that any of the statutory requirements were followed. The mortgage was not shown to have been recorded in New York county. (Code Civ. Proc. § 2387, subd. 3.) The notice served did not specify the time and place of sale. The advertisements were not put in evidence, and it does not appear that the time and place of sale were specified therein; publication was made one day before, and upon the day of the sale, instead of "once in each of the twelve weeks, immediately preceding the day of sale;" there is no proof of posting the notice on the property or in the court house; nor was a copy served on the county clerk eighty-four days before the sale. (Code Civ. Proc. § 2388.)

The purported sale was, therefore, void and the purchaser was not a mortgagee in possession. (*Deutsch* v. *Haab, supra,* 759.)

The defendants wholly failed to establish their defense.

The judgment should be reversed, with costs, and judgment ordered for plaintiff, with costs.

SCOTT, LAUGHLIN, SMITH and DAVIS, JJ., concurred.

Judgment reversed, with costs, and judgment ordered for plaintiff, with costs. Order to be settled on notice.