# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

GENEVIEVE M. DUNNING *et al. vs.* MITCHELL W. McDONALD.

Argued June 16, 1893. Affirmed June 27, 1893.

**Notice of Sale on Foreclosure under a Power in a Mortgage.**
For the purpose of foreclosing a mortgage of real estate under the power, the notice of sale must be signed with the names of all who appear, of record, to own the mortgage; and if, after the first, and before the last, publication of notice, there is put on record an assignment of a part interest in the mortgage to one whose name is not signed to the notice, a sale pursuant to notice so published will be invalid.

Appeal by defendant, Mitchell W. McDonald, from an order of the District Court of Carlton County, *O. P. Stearns*, J., made November 7, 1892, overruling his demurrer to the complaint.

The plaintiffs, Genevieve M. Dunning, William R. McMahan, Minnie E. Lee, William A. Kennedy and Emma K. Morris, brought this action September 10, 1892, against Mitchell W. McDonald, the Duluth and Superior Investment Company, and the St. Louis Investment Company, to foreclose a mortgage given by McDonald July 8, 1890, to Genevieve M. Dunning, upon the east half of the southwest quarter of section fourteen, (14,) T. 48, R. 16, in Carlton County. He bought this land of her, and gave the mortgage to secure $3,500, part of the purchase money. The mortgage contained a power to sell the land on default in payment, and out of the proceeds to satisfy the debt. On March 31, 1891, Genevieve M. Dunning assigned to Wil-

liam A. Kennedy two-sixths interest in the mortgage and debt. The instrument of assignment was dated that day, and was recorded April 29, 1891, in the Registry of Deeds of Carlton County. She on the same day assigned to Emma K. Morris, Minnie E. Lee and William R. McMahan each another sixth interest, but their assignments were not recorded until after May 11, 1891. The complaint stated that Genevieve M. Dunning had attempted to foreclose the mortgage in March, 1891, under the power therein, but the notice of sale was signed by her alone, and a sale was made to her thereunder on May 11, 1891, after the assignment to Kennedy had been recorded, and the sale was therefore void. But the sheriff made the sale on that day, and she received the certificate, and had it recorded, believing at the time that the foreclosure was valid. The complaint stated that the two investment companies had, or claimed to have, some interest in, or lien upon, the land junior and subject to the mortgage. The prayer of the complaint was, that the prior foreclosure under the power, be adjudged invalid, and the certificate of sale canceled, and that the land be sold, and the proceeds applied upon the debt, and that McDonald be adjudged to pay any deficiency, and that plaintiffs have such further relief as to the court should seem equitable.

To this complaint McDonald demurred, on the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was overruled, and he appeals.

*Cash, Williams & Chester,* for appellant.

The claim of the plaintiffs is, that the first foreclosure was abortive because of the assignments before the actual sale, and because one of them was actually recorded before such sale. Four months after the time to redeem had expired this action was brought, attempting to reforeclose the mortgage, and seeking personal judgment against the defendant, McDonald. The only question, is the validity and effect on all parties of the first foreclosure.

When the plaintiff Dunning commenced foreclosure proceedings under the power, she was the legal and record owner of the mortgage and debt, and the fact that she made assignments of several undivided interests, but not of all the mortgage, before the sale actually took place, cannot change the status of the case. *Niles* v.

*Ransford*, 1 Mich. 338, stands alone in holding that an assignment during the progress of the foreclosure, will abate the proceedings.

The notice is a single proceeding, though published six weeks. The mortgagee does not give a new one each week. All the mortgagee does thereafter is to attend the sale, if he so desires, and become a bidder like anybody else. It is analogous to the case of *Baldwin* v. *Allison*, 4 Minn. 25.

To the same effect is the declaratory provision of our statute that the death of the mortgagee or assignee, shall not abate proceedings duly commenced. It provides that the executor or administrator may continue any proceedings commenced by the deceased for that purpose. Probate Code, § 95; 1878 G. S. ch. 52, § 11.

There still remained in plaintiff Dunning an undivided one-sixth of the mortgage. That other persons were beneficially interested with her, can make no difference. *Brown* v. *Delaney*, 22 Minn. 349; *Bottineau* v. *Aetna Life Ins. Co.*, 31 Minn. 125; *Solberg* v. *Wright*, 33 Minn. 224.

When a power is vested in several persons, all must unite in its execution; but if previous to such execution one or more of such persons shall die, the power may be executed by the survivors. 1878 G. S. ch. 44, § 39. All grants and devises of lands made to two or more persons, except as provided in the following section, shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy. 1878 G. S. ch. 45, § 44. The preceding section shall not apply to mortgages. 1878 G. S. ch. 45, § 45.

*J. L. Washburn*, for respondents.

The attempted foreclosure set forth in the complaint was void. It was a statutory foreclosure under the power of sale contained in the mortgage. To entitle a party to make such foreclosure, he must have the legal title to the mortgage of record. Such a title Genevieve M. Dunning did not have when she attempted to thus foreclose the mortgage. *Thorpe* v. *Merrill*, 21 Minn. 336; *Benson* v. *Markoe*, 41 Minn. 112; *Lowry* v. *Mayo*, 41 Minn. 388; *Backus* v. *Burke*, 48 Minn. 260.

The proceedings were not a complete foreclosure, until they culminated in a sale. The right and ability to foreclose must continue

throughout the uncompleted state of the proceedings. *Niles* v. *Ransford,* 1 Mich. 338.

The power of sale in a mortgage, is a power coupled with an interest, and passes by assignment of the mortgage, and cannot thereafter be exercised by the assignor. This power may be held by different persons, and these different persons may transfer their interests to others.

In cases where there are several persons interested in the mortgage and in the power contained therein, either of such persons may obtain their remedies in equity, but the united action of them all is required, to the exercise of the power. *Niles* v. *Ransford,* 1 Mich. 338; *Strother* v. *Law,* 54 Ill. 413; *Hoffman* v. *Harrington,* 33 Mich. 392.

A void foreclosure is no bar to a subsequent valid foreclosure proceeding. *Bottineau* v. *Aetna Life Ins. Co.,* 31 Minn. 125.

GILFILLAN, C. J. Defendant McDonald executed to plaintiff Dunning a mortgage upon real estate, with the usual power of sale, dated July 8, 1890, recorded July 19, 1890. March 28, 1891, the mortgagee began to foreclose under the power, by notice in her name, as mortgagee, first published on that day. March 31, 1891, she duly assigned to one of the other plaintiffs an undivided one-sixth of the debt and mortgage; to another, an undivided one-sixth; to another, an undivided one-sixth; to another, an undivided two-sixths; leaving an undivided one-sixth in herself. One of these assignments was recorded April 29, 1891, before the last publication of the notice of sale; the others, not till after the foreclosure sale. The publication of the notice, as first published, in the name of the mortgagee, was continued the proper time, and the sale was made May 11, 1891. The question is, was it a valid foreclosure?

It was so, unless by reason of the assignments, and the recording of one of them, after the first publication of the foreclosure notice, and before the sale.

The power of sale contained in a mortgage, being coupled with an interest, passes to the assignee of the mortgage. It cannot be severed from the legal ownership of the mortgage. It is indivisible, and, no matter how many owners of the mortgage there may be, there is but one power. If there be two or more legal owners, wheth-

er as original mortgagees or as assignees, or both, the power is in them, jointly. The statute contemplates that it shall be exercised by the person or persons in whom it resides,—that is, by the holder or holders of the legal title to the mortgage, *Bottineau* v. *Aetna Life Ins. Co.*, 31 Minn. 125, (16 N. W. Rep. 849,)—provided he or they be qualified to exercise it, by his or their title having been made matter of record; and if there be an assignment of a part interest to one whose assignment is not of record, as he cannot exercise it, and the joining of his name to the foreclosure proceeding can add nothing to it, his name need not be joined, but the power must be exercised by the owner of the remaining interest, who is qualified by his title appearing of record. That is, in the case of an assignment, the power is not to be deemed as fully vested in the assignee, so that he may foreclose, or so that he must join with the others in foreclosing, until his assignment is recorded. If a mortgagee's interest in the mortgage has ceased, even pending the foreclosure proceeding, he cannot complete the foreclosure. *Niles* v. *Ransford*, 1 Mich. 338. For the purpose of foreclosure the notice of sale must show that it is the act of those in whom the power is vested; that is, it must be signed by him or them. In the case of two or more joint mortgagees it could hardly be claimed that a signing by one alone would do. The names of all should be signed. We do not decide—for the point is not in the case—but that each may be regarded as the agent of all, so as to have authority to use their names for the purpose of foreclosure. But it must be the act of all. Where there are joint owners of a mortgage it can make no difference, in this respect, how they became such,—whether as original mortgagees, or by assignment.

For the purpose of foreclosure it is not enough that the first step taken, to wit, the first publication of the notice, is regular, and by the proper person. Each successive step, till the last required to be done by the holder of the power, must be regular, and by the proper person. *Niles* v. *Ransford, supra.* If it be necessary that the notice at its first publication be signed by all qualified holders of the power, it must be so with each publication,—with each act that the holders of the power are required to do. Whether, the publications being regular, a change in the record ownership of the mortgage between the last publication and the day of sale will affect the regularity of

the sale itself,—that being, in a sense, the official act of the sheriff, —it is unnecessary to decide.

For the reason that, at the time of some of the necessary publica- tions in this case, there was a record owner of an interest in the mortgage whose name was not signed to the notice, the sale was invalid.

Order affirmed.

(Opinion published 55 N. W. Rep. 864.)