GRIFFIN *v.* UNION GUARDIAN TRUST CO.

1. MORTGAGES—ADDING TAXES TO AMOUNT STATED IN FORECLOSURE NOTICE VALID.

   Where, after foreclosure by advertisement was commenced, it was discovered that there were outstanding tax liens, which mortgagee paid and added to amount stated in notice to be due, as it had right to do, sale for said amount was not void because greater than amount stated in published notice (1 Comp. Laws 1929, § 3444).

2. SAME—SURPLUS—FAILURE TO PAY AMOUNT BID TO SHERIFF.

   Where amount bid by mortgagee at foreclosure sale did not exceed mortgage indebtedness, interest, and expenses of sale, there was no surplus, and therefore failure of mortgagee to actually pay to sheriff amount bid did not invalidate sale.

3. SAME—EQUITY—AMENDING ANSWER.

   Where, in suit to set aside foreclosure sale and restrain summary proceedings for possession, plaintiffs failed to make meritorious case, and defendants in their answer prayed only for dismissal of bill, *held*, that substantial justice requires that their prayer be amended, on appeal, so that they may recover possession, relief to which they are clearly entitled.

Appeal from Wayne; Keidan (Harry B.), J. Submitted October 18, 1932. (Docket No. 127, Calendar No. 36,608.) Decided December 6, 1932.

Bill by John A. Griffin and another against Union Guardian Trust Company, a Michigan corporation, and another to set aside a foreclosure sale and restrain summary proceedings. Bill dismissed. Plaintiffs appeal. Affirmed.

*Harry J. Lippman,* for plaintiffs.

*Bulkley, Ledyard, Dickinson & Wright* (*Henry Ledyard, Harold R. Smith,* and *Augustus C. Ledyard,* of counsel), for defendants.

McDONALD, J. This is a suit to set aside a foreclosure sale and to restrain summary proceedings for possession of the premises involved. The foreclosure was by advertisement. The court dismissed the bill. The plaintiffs have appealed.

1. As principal cause for appeal, the plaintiffs contend that the court erred in refusing to hold the sale void because the premises were sold for a greater amount than was stated to be due in the published notice.

The notice stated the amount due to be $3,536.85. The sale was for $3,957.73. The difference represents taxes which became due and were paid by defendants between the time of notice and date of sale, also interest for the same period and expenses of sale.

By the terms of the mortgage, if the mortgagor was in default for 30 days in payment of the taxes, the defendant was authorized to pay them and add the amount thereof to the mortgage indebtedness. While the advertising was in progress it was discovered that there were outstanding tax liens, which the defendant paid and added to the amount stated to be due in the notice. This it had a right to do. It in no way affected the validity of the sale. 1 Comp. Laws 1929, § 3444; *Taan v. American Loan & Trust Co.,* 247 Mich. 683.

2. On the sale the premises were purchased by the defendant mortgagee for the actual amount due. There was no other bidder. The amount of the bid was not paid to the sheriff who conducted the sale. For that reason the plaintiffs contend the sale was invalid.

The amount bid did not exceed the mortgage indebtedness and expenses of sale. There was no surplus. Actual payment to the sheriff would have been an idle gesture.

3. The decree dismissed the plaintiffs' bill and ordered that they deliver possession of the premises to the defendant. The court's right to grant such relief is challenged on the ground that defendants merely answered the bill and asked no affirmative relief.

A similar situation was present in *Cooley* v. *Harris,* 92 Mich. 126. In that case, as in this, the only relief asked was that the bill be dismissed. The court said:

"The facts upon which the relief granted is based are fully set up in the answer, although not followed by a specific prayer for the relief to which such facts clearly entitle the defendants, and in such a case, a court of equity will not hesitate to decree substantial justice, treating the prayer as amended."

In the instant case the defendants were entitled to possession of the premises when they began summary proceedings, December 4, 1930. By filing this suit, which has no meritorious basis, the plaintiffs have succeeded in retaining possession of the premises for two years free of rental. All matters between the parties have now been finally adjudicated. There should be no further delay. Hence, we think substantial justice requires that the prayer of the answer be amended so that the defendants may receive the relief to which they are clearly entitled.

The decree of the circuit court is affirmed, with costs to the defendants.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.