FELDMAN *v.* EQUITABLE TRUST CO.

1. MORTGAGES—BID BY MORTGAGEE—PAYMENT TO SHERIFF.
   Mortgagee who bids at sheriff's sale or upon foreclosure by advertisement need not pay the bid to the sheriff unless the amount bid is in excess of the unpaid balance on the mortgage.

2. SAME—FORECLOSURE—STATUTES.
   Provisions of statute relating to foreclosure by advertisement must be strictly complied with (3 Comp. Laws 1929, § 14426, subd. 3).

3. SAME—NOTICE OF FORECLOSURE—NAMES OF PARTIES.
   Provisions of statute requiring that the notice of foreclosure by advertisement shall specify names of mortgagor and mortgagee and assignee of the mortgage are mandatory (3 Comp. Laws 1929, § 14428, subd. 1).

4. SAME—PARTIAL ASSIGNMENT—FORECLOSURE—POWER OF SALE.

   Foreclosure by advertisement of trust mortgage by trustee hold-
   ing some of the bonds as trustee *held*, valid notwithstanding it
   is also owner of majority of bonds outstanding and which
   bonds have been assigned as security for a loan and such as-
   signment is unrecorded since the power of sale is indivisible,
   does not pass to assignee upon partial assignment and mort-
   gagee exercises it for benefit of both parties (3 Comp. Laws
   1929, § 14426, subd. 3, § 14428, subd. 1).

Appeal from Wayne; Merriam (DeWitt H.), J.
Submitted October 22, 1936. (Docket No. 105, Cal-
endar No. 39,198.)   Decided January 4, 1937.

Bill by Benjamin Feldman against Equitable
Trust Company, a Michigan corporation, and others
to declare void a statutory mortgage foreclosure, to
secure an injunction and other relief.   Cross-bill by
defendant trust company against plaintiff for the
appointment of a receiver and other relief.   Bill dis-
missed.   Plaintiff appeals.   Affirmed.

*Reuben Levin* and *Friedman, Meyers & Keys*
(*Sylvan Rapaport,* of counsel), for plaintiff.

*Milton M. Maddin* (*Kenneth Fischer,* of counsel),
for defendants.

SHARPE, J.   In February, 1924, Samuel and Annie
Feldman, being the owners in fee of the Roe Hotel
located in the city of Detroit negotiated a mortgage
loan from the American Loan & Trust Company for
$75,000.   A series of first mortgage bonds were
signed by Samuel Feldman and a mortgage upon the
hotel property was executed by Samuel Feldman
and his wife to secure the loan.   The bonds were sold
to the public generally.   By virtue of several re-
corded assignments the record title to the mortgage

became vested in the Equitable Trust Company, one of the defendants herein. Said mortgage contained the usual power of sale on default and provided, among other things, for acceleration.

On September 15, 1930, Feldman and wife conveyed their title to the property to their son, Benjamin Feldman, plaintiff herein, who did not assume the mortgage debt.

On May 12, 1932, the trust company obtained a loan from the Reconstruction Finance Corporation in the amount of $150,000 and for security pledged some of its assets, including $42,000 worth of the bonds of this issue owned by it. These bonds were delivered to the Reconstruction Finance Corporation together with an assignment of the interest of the trust company in the mortgage. Said assignment was given as security only and was not recorded. The remainder of the bonds issued were deposited by the bondholders with the trust company, as trustee. At a later date, the $42,000 worth of bonds were released from the pledge by the Reconstruction Finance Corporation and returned to the trust company. On August 1, 1932, proceedings were instituted by the trust company to foreclose the mortgage by advertisement in accordance with the power of sale contained in the mortgage. At this time plaintiff was in default in the payment of taxes in excess of $11,000 and there were $71,000 worth of bonds outstanding.

Pursuant to the notice, the sale was held October 27, 1932, and the trust company bid in the property for $30,000. On October 19, 1933, plaintiff filed a bill in chancery in which it is claimed that the mortgage foreclosure sale was void because the amount bid at the sale had not been paid to the sheriff; and that, if the court holds the mortgage valid, plain-

tiff then seeks relief provided under the moratorium laws (Act No. 98, Pub. Acts 1933). The trial court held the foreclosure of the mortgage valid and dismissed plaintiff's bill of complaint. Plaintiff appeals.

We are not in accord with plaintiff's theory that at a sheriff's sale or upon a foreclosure by advertisement, the amount of the bid by the holder of the mortgagee interest must be paid to the sheriff. On the contrary this rule holds good only where the amount bid is in excess of the unpaid balance on the mortgage.

In *Griffin* v. *Union Guardian Trust Co.*, 261 Mich. 67, we said:

"On the sale the premises were purchased by the defendant mortgagee for the actual amount due. There was no other bidder. The amount of the bid was not paid to the sheriff who conducted the sale. For that reason the plaintiffs contend the sale was invalid.

"The amount bid did not exceed the mortgage indebtedness and expenses of sale. There was no surplus. Actual payment to the sheriff would have been an idle gesture."

The principal question involved in this cause relates to the legality of the foreclosure proceedings; namely where a mortgagee and trustee under a $75,000 mortgage is the owner of $42,000 worth of bonds and pledges them as collateral security to a loan with the Reconstruction Finance Corporation and executes an assignment of its interest in the mortgage, which assignment is not recorded, and the mortgage is foreclosed under the name of the mortgagee, are such proceedings void?

Section 14426, 3 Comp. Laws 1929, provides in part as follows:

"To entitle any party to give a notice as herein-after prescribed, and to make such foreclosure, it shall be requisite,    *    *    *

"3.    That the mortgage containing such power of sale has been duly recorded; and if it shall have been assigned that all the assignments thereof shall have been recorded."

And 3 Comp. Laws 1929, § 14428, provides:

"Every such notice shall specify,    1.    The names of the mortgagor and of the mortgagee, and the as-signee of the mortgage, if any."

In *Dohm* v. *Haskin,* 88 Mich. 144, we had occasion to construe 3 Comp. Laws 1929, § 14426*, and held that the provisions of the statute relating to fore-closure by advertisement must be strictly complied with, while in *Oades* v. *Standard Savings & Loan Ass'n,* 257 Mich. 469, we held that the requirements of 3 Comp. Laws 1929, § 14428, which provides that the notice of foreclosure by advertisement shall specify the names of mortgagor and mortgagee and assignee of the mortgage, are mandatory.

Plaintiff contends that the power of sale and the right to foreclose the mortgage are vested in the assignee whether such assignment be absolute or for security, while the defendant contends that the holder of an unrecorded assignment has no right to foreclose by advertisement and that the holder of the record title is the only proper party to institute such proceedings.

The statutes of the State of Minnesota relating to foreclosure of mortgages by advertisement are identical to the Michigan statutes and in that State this question has been decided.

---

* See How. Stat. 8498.—REPORTER.

In *Dunning* v. *McDonald,* 54 Minn. 1 (55 N. W. 864), the court said:

"The statute contemplates that it shall be exercised by the person or persons in whom it resides,—that is, by the holder or holders of the legal title to the mortgage, *Bottineau* v. *Ætna Life Ins. Co.,* 31 Minn. 125 (16 N. W. 849),—provided he or they be qualified to exercise it, by his or their title having been made matter of record; and if there be an assignment of a part interest to one whose assignment is not of record, as he cannot exercise it, and the joining of his name to the foreclosure proceeding can add nothing to it, his name need not be joined, but the power must be exercised by the owner of the remaining interest, who is qualified by his title appearing of record. That is, in the case of an assignment, the power is not to be deemed as fully vested in the assignee, so that he may foreclose, or so that he must join with the others in foreclosing, until his assignment is recorded."

In *Soufal* v. *Griffith,* 159 Minn. 252, 255 (198 N. W. 807), the court said:

"In that view we concur. The statute concerning foreclosure by advertisement (G. S. 1913, § 8108), requires as a condition precedent to that procedure a recording of the mortgage, and all assignments. It is the plain intent of that statute that it is a condition precedent to the right to foreclosure by advertisement that the title of an assignee of a mortgage appear of record, and of record in such manner that evidence extraneous to the record will not be needed to put it beyond reasonable question. This is not a requirement of supertechnical niceties and details of description. It means only that, the ordinary rules of evidence and interpretation considered, if the record, without the aid of extraneous evidence,

does not put the title of the assignee of a mortgage beyond doubt, he cannot foreclose by advertisement. If he cannot remedy the defects in the record, he must resort to foreclosure by action.''

In the case of *Bottineau* v. *Ætna Life Ins. Co.,* 31 Minn. 125 (16 N. W. 849), one Frederick F. Day was the record owner of a mortgage. There were several outstanding unrecorded equitable interests. Day foreclosed by advertisement and the mortgagor, Bottineau, attacked the regularity on the ground that Day was not the sole owner of the mortgage and not entitled to foreclose. The court clearly held that Bottineau, the mortgagor, had no right to raise the claim. The court said:

''The mortgagor whose interests were not affected by the fact that others had equitable rights in the mortgage with the one in whom the legal title was vested could not on that fact alone object to his using such legal title. So far as concerns that objection, the foreclosure was valid.''

See, also, *Solberg* v. *Wright,* 33 Minn. 224 (22 N. W. 381).

In 3 Jones On Mortgages (8th Ed.), p. 825, § 2314, it is said:

''The power of sale in a mortgage is indivisible, and a partial assignment thereof does not pass to the assignee the right to execute the power, but the mortgagee must exercise the power for the benefit of both parties.''

Having determined that the defendant company is the only party having the right to foreclose the mortgage by advertisement and such foreclosure being regular and in accordance with the statute, the con-

clusion is inevitable that plaintiff's bill of complaint must be dismissed.

The decree of the lower court is affirmed. Defendants may recover costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL and BUSHNELL, JJ., concurred. TOY, J., took no part in this decision. POTTER, J., did not sit.