ARNOLD v DMR FINANCIAL SERVICES, INC
(AFTER REMAND)

Docket No. 99689. Argued March 7, 1995 (Calendar No. 9). Decided
    May 31, 1995.

  Peggy Jo Arnold brought an action in the Wayne Circuit Court
    against DMR Financial Services, Inc., alleging that DMR's fail-
    ure to record an assignment of her mortgage to the Govern-
    ment National Mortgage Association rendered a foreclosure of
    her home by advertisement void. The court, James J. Rashid,
    J., granted summary disposition for the defendant. The Court
    of Appeals, JANSEN, P.J., and MURPHY and MARILYN KELLY, JJ.,
    affirmed in an unpublished opinion per curiam, rejecting the
    plaintiff's argument that the sale was invalid because she was
    not notified (Docket No. 134529). The Supreme Court remanded
    the case in light of *Senters v Ottawa Savings Bank,* 443 Mich
    45 (1993). 444 Mich 892 (1993). On remand, the Court of
    Appeals, reversed and remanded in an unpublished opinion per
    curiam, holding that in order to foreclose by advertisement, the
    mortgage and any assignment of the mortgage must be re-
    corded (Docket No. 170302). The defendant appeals.

      In a unanimous opinion by Justice WEAVER, the Supreme
    Court *held:*

      Only the record holder of a mortgage has the power to
    foreclose; the validity of the foreclosure is not affected by any
    unrecorded assignment of interest held for security. The exist-
    ence of equitable rights in the mortgage by persons other than
    those who had legal title alone does not create a valid objection
    on behalf of the mortgagor if the mortgagor was unaffected by
    those interests.

      Reversed.

*Gary J. Canjar* for the plaintiff.

*Clark, Klein & Beaumont, P.L.C.* (by *William B.
Dunn, David E. Nims, III,* and *Rachelle G. Silber-
berg*), for the defendant.

Amici Curiae:

*May, Simpson & Strote* (by *Thomas C. Simpson*

and *Marilynn K. Arnold*) for Michigan Land Title Association.

*Honigman, Miller, Schwartz & Cohn* (by *Lawrence D. McLaughlin*) for the Real Property Law Section of the State Bar of Michigan.

### AFTER REMAND

WEAVER, J. We granted leave in this case to address whether an unrecorded security assignment of a mortgage prevents the mortgagee of record from foreclosing by advertisement. We conclude that it does not, and hold that only the record holder of the mortgage has the power to foreclose and that the validity of the foreclosure is not affected by any unrecorded assignment of interest held for security.

On October 30, 1985, Donald and Dawn Fulton entered into a mortgage with defendant DMR Financial Services, Inc., to finance a house. The Fultons insured the mortgage with the Department of Housing and Urban Development under the National Housing Act, 12 USC 1701. On November 19, 1985, DMR pooled the Fultons' mortgage with the Government National Mortgage Association (GNMA) and executed an assignment of mortgage for the loan "in recordable form but not recorded." This assignment was for security purposes only. The standard practice for GNMA is that the assignment remains unrecorded and title stays with the issuer, here DMR, which permits the issuer to service the mortgage. The assignment would not become effective and be recorded unless DMR defaulted in its payments.

Plaintiff Peggy Jo Arnold purchased the house and assumed the Fultons' mortgage on September 9, 1986. She later defaulted on the

loan. Defendant proceeded to foreclose[1] by advertisement pursuant to MCL 600.3201 *et seq.*; MSA 27A.3201 *et seq.* On February 22, 1990, defendant published a notice of foreclosure. The property was sold on March 29, 1990.

Plaintiff filed suit, alleging that the sale was invalid. She argued that the notice was defective because defendant did not notify her or her interests in the real estate as required by MCL 600.3212; MSA 27A.3212, and that the proceedings did not comport with MCL 600.3201; MSA 27A.3201. Defendant moved for summary disposition pursuant to MCR 2.116(C)(10). At the hearing on the motion for summary disposition, plaintiff asserted that defendant had not complied with the statutory requirements for foreclosure by advertisement because there was an unrecorded assignment to GNMA. The trial court disagreed and granted defendant's motion for summary disposition.

Plaintiff appealed from the trial court order, and the Court of Appeals affirmed in an unpublished opinion per curiam, issued May 20, 1993 (Docket No. 134529). The Court of Appeals rejected plaintiff's argument that the sale was invalid because she was not notified.[2] The Court of Ap-

---

[1] Defendant first published a notice of foreclosure on December 17, 1987. Plaintiff redeemed the property before the scheduled sale. Plaintiff again defaulted on the loan, and defendant published another notice of foreclosure in March, 1989. Plaintiff filed bankruptcy under Chapter 13 on May 18, 1989. Plaintiff then converted to bankruptcy under Chapter 7. The bankruptcy court granted defendant relief from the automatic stay. On February 10, 1990, plaintiff received notice of defendant's intention to commence forfeiture proceedings.

[2] The Court of Appeals stated:

Plaintiff first argues that she was an assignee of the mortgage, and that defendant's failure to include plaintiff's name on the notice of foreclosure rendered the notice and subsequent sale invalid. MCL 600.3212; MSA 27A.3212 requires that the

peals also rejected plaintiff's argument that the sale was invalid because defendant failed to record the assignment to GNMA.[3]

---

notice of foreclosure include the names of the mortgagor, mortgagee and the assignee of the mortgage, if any. Plaintiff's assumption of the Fultons' obligations under the mortgage did not make plaintiff an assignee, however. An assignment is the transfer of property, or an interest in property, from one person to another. *Allardyce v Dart,* 291 Mich 642, 644-645; 289 NW 281 (1939); *Moore v Baugh,* 106 Mich App 815, 819; 308 NW2d 698 (1981); 6 Am Jur 2d, Assignments, § 1, p 185. A mortgage grants a security interest in real estate to a mortgagee and places obligations upon the mortgagor. Thus, while the mortgagor's obligations under the mortgage may be assumed, the mortgagor has no "property interest" under the mortgage that can be "assigned." By contrast, a mortgagee's interests under a mortgage is a property interest that may be assigned. Because plaintiff was not an assignee, defendant had no obligation to name plaintiff in the notice of foreclosure.

[3] The Court of Appeals stated:

Plaintiff further contends that the notice of foreclosure was invalid because defendant failed to record its assignment of defendant's rights in the mortgage to GNMA. To foreclose by advertisement, MCL 600.3204; MSA 27A.3204 requires that the mortgage and any assignment of the mortgage be recorded. Our Supreme Court in construing the same requirement of the predecessor of this statute held that such a defect is not fatal. In *Feldman v Equitable Trust Co,* 278 Mich 619, 623-626; 270 NW 809 (1937), the plaintiff was the owner of real estate which he mortgaged to a loan company. The record title to the mortgage eventually was held by the defendant, Equitable Trust Company, which held a portion of the mortgage bonds. Equitable obtained a loan from Reconstruction Finance Company, pledged the bonds as security, and assigned its interest in the mortgage. The assignment was not recorded. At a later date, the bonds were released as security. Upon default by the plaintiff, Equitable foreclosed by advertisement and sold the property. The plaintiff contended in part that the sale was void because Equitable had not recorded the assignment of the mortgage to Reconstruction, as required by the foreclosure by advertisement statute. In holding that the sale was not void, our Supreme Court referenced Minnesota cases construing a similar Minnesota statute. Our Supreme Court noted that the existence of equitable rights in the mortgage by persons other than the person who had legal title, did not alone create a valid objection on behalf of the mortgagor if the mortgagor was unaffected by those interests. *Id.,* 625.

In a similar analysis of a different statutory section, this

Plaintiff sought leave to appeal in this Court. In lieu of granting leave, this Court remanded the case to the Court of Appeals in light of *Senters v Ottawa Savings Bank, FSB,* 443 Mich 45; 503 NW2d 639 (1993).[4] On remand, in an unpublished opinion per curiam, issued February 2, 1994 (Docket No. 170302), the Court of Appeals reversed and remanded the case, holding that in order to foreclose by advertisement the mortgage and any assignment of the mortgage must be recorded, citing MCL 600.3204; MSA 27A.3204. Defendant then appealed in this Court by leave granted. We reverse the February 2, 1994, decision of the Court of Appeals and reinstate the circuit court's order granting summary disposition.[5]

Our Court's recent decision in *Senters* provides:

Foreclosure sales by advertisement are defined
_____

Court has held that the failure to properly comply with notice of foreclosure requirements of MCL 600.3208; MSA 27A.3208 renders the foreclosure sale voidable, but not void. *Jackson Investment Corp v Pittsfield Products, Inc,* 162 Mich App 750, 755-756; 413 NW2d 99 (1987). This provides more security to the title of the real property and permits an examination as to whether any harm was caused by the defect. *Id.* Where no harm is suffered as a result of the defect, there is no reason to void the sale. *Id.*

In this case, plaintiff admits that she received actual notice of the foreclosure and has not demonstrated that any deficiency in the notice actually harmed her. Moreover, plaintiff does not dispute that she was in default. We see no merit in declaring the foreclosure sale invalid. The circuit court properly granted defendant summary disposition.

[4] We note that the remand order did not imply that the Court of Appeals opinion was necessarily incorrect. Merely, the appellant's application for leave to appeal had been held pending the resolution of a case that might prove relevant.

[5] Our resolution of this case makes it unnecessary to consider defendant's second assignment of error, that there was substantial compliance with the statute and no prejudice to plaintiff. We also have no need to consider plaintiff's claims that defendant did not comply with federal regulations for foreclosure and that plaintiff's default on the mortgage was never established.

and regulated by statute. Once the mortgagee elects to foreclose a mortgage by this method, the statute governs the prerequisites of the sale, notice of foreclosure and publication, mechanisms of the sale, and redemption. [*Id.,* p 50.]

Thus, we must turn to the relevant statute.

The issue before us is whether, as plaintiff asserts, DMR's failure to record its assignment to GNMA rendered the foreclosure by advertisement void. The disputed portion of the foreclosure statute provides:

> To entitle any party to give a notice as hereinafter prescribed, and to make such a foreclosure, it shall be requisite:
>
> \*   \*   \*
>
> (3) That the mortgage containing such power of sale has been duly recorded; *and if it shall have been assigned that all the assignments thereof shall have been recorded.* [MCL 600.3204(3); MSA 27A.3204(3). Emphasis added.]

Plaintiff interprets this to mean that if an assignment exists that has not been recorded, then the mortgage cannot be foreclosed by anyone under this statute. We disagree with this reading of the statute and again adopt the statutory interpretation set forth in *Feldman v Equitable Trust Co,* 278 Mich 619, 624-625; 270 NW 809 (1937).

In *Feldman,* this Court held, and we hold again, that 1929 CL 14426[6] provided that only the record

---

[6] The precursor of MCL 600.3204; MSA 27A.3204 provided:

> To entitle any party to give a notice as hereinafter prescribed, and to make such foreclosure, it shall be requisite,
>
> \*   \*   \*
>
> 3. That the mortgage containing such power of sale has been duly recorded; and if it shall have been assigned, that all the assignments thereof shall have been recorded. [1846 RS, ch 130, § 2.]

holder of the mortgage could foreclose by advertisement,[7] and the mortgagor was not affected by the fact that others had an unrecorded interest in the mortgage. This Court determined that a foreclosure by the record mortgagee was proper, and the presence of an unrecorded security assignment was irrelevant. It noted that the existence of equitable rights in the mortgage by persons other than

And 1929 CL 14428 provides:

> Every such notice shall specify, 1. The names of the mortgagor and of the mortgagee, and the assignee of the mortgage, if any . . . .

[7] An assignee whose assignment is not recorded cannot itself foreclose by advertisement.

> "The statute concerning foreclosure by advertisement . . . requires as a condition precedent to that procedure a recording of the mortgage, and all assignments. It is the plain intent of that statute that it is a condition precedent to the right to foreclose by advertisement that the title of an assignee of a mortgage appear of record, and of record in such manner that evidence extraneous to the record will not be needed to put it beyond reasonable question. This is not a requirement of supertechnical niceties and details of description. It means only that, the ordinary rules of evidence and interpretation considered, if the record, without the aid of extraneous evidence, does not put the title of the assignee of a mortgage beyond doubt, he cannot foreclose by advertisement. If he cannot remedy the defects in the record, he must resort to foreclosure by action." [Quoting *Soufal v Griffith,* 159 Minn 252, 255; 198 NW 807 (1924).]

We note that *Feldman* was decided in 1937, and the Legislature did not change the statute, despite ample opportunity to do so, until 1994. At that time, 1994 PA 397 amended MCL 600.3204; MSA 27A.3204 to provide in pertinent part:

> (1) A party may foreclose by advertisement if all of the following circumstances exist:
>
> \* \* \*
>
> (c) The mortgage containing the power of sale has been properly recorded and, if the party foreclosing is not the original mortgagee, a record chain of title exists evidencing the assignment of the mortgage to the party foreclosing the mortgage.

the person who had legal title alone did not create a valid objection on behalf of the mortgagor if the mortgagor was unaffected by those interests. *Feldman, supra,* pp 623-626.

We reach the same conclusion in the instant case. Only the record holder of the mortgage has the power to foreclose; the validity of the foreclosure is not affected by any unrecorded assignment of interest held for security.

We reverse.


BRICKLEY, C.J., and LEVIN, CAVANAGH, BOYLE, RILEY, and MALLETT, JJ., concurred with WEAVER, J.