# Order

Michigan Supreme Court
Lansing, Michigan

November 16, 2011

143178-9

RESIDENTIAL FUNDING CO, L.L.C., f/k/a
RESIDENTIAL FUNDING CORPORATION,
      Plaintiff-Appellant,

v

GERALD SAURMAN,
      Defendant-Appellee.

_____/

BANK OF NEW YORK TRUST COMPANY,
      Plaintiff-Appellant,

v

COREY MESSNER,
      Defendant-Appellee.

_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC: 143178
COA: 290248
Kent CC: 08-011138-AV

SC: 143179
COA: 291443
Jackson CC: 08-003406-AV

On November 10, 2011, the Court heard oral argument on the application for leave to appeal the April 21, 2011 judgment of the Court of Appeals. On order of the Court, the application is again considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals. As the Court of Appeals dissenting opinion explained, "pursuant to MCL 600.3204(1)(d), Mortgage Electronic Registration System (MERS) is 'the owner . . . of an interest in the indebtedness secured by the mortgage' at issue in each of these consolidated cases" because "[MERS'] contractual obligations as mortgagee were dependent upon whether the mortgagor met the obligation to pay the indebtedness which the mortgage secured." *Residential Funding v Saurman*, ___ Mich App ___ (2011) (WILDER, J., dissenting), slip op at 27-28, 36. We clarify, however, that MERS' status as an "owner of an interest in the indebtedness" does not equate to an ownership interest in the note. Rather, as record-holder of the mortgage, MERS owned a security lien on the properties, the continued

existence of which was contingent upon the satisfaction of the indebtedness. This interest in the indebtedness — i.e., the ownership of legal title to a security lien whose existence is wholly contingent on the satisfaction of the indebtedness — authorized MERS to foreclose by advertisement under MCL 600.3204(1)(d).

Furthermore, we add that the Court of Appeals' conclusion to the contrary is inconsistent with established legal principles governing Michigan's real property law, and specifically foreclosure by advertisement. "Under the settled law of this State, the mortgage and the note are to be construed together." *Guardian Depositors Corp v Wagner*, 287 Mich 202, 208 (1939). "The rule is well-settled that . . . the mortgagee has a lien on the land to secure the debt." *McKeighan v Citizens Commercial & Sav Bank*, 302 Mich 666, 670 (1942). "It has never been necessary that the mortgage should be given directly to the beneficiaries. The security is always made in trust to secure obligations, and the trust and the beneficial interest need not be in the same hands. . . . The choice of a mortgagee is a matter of convenience." *Adams v Niemann*, 46 Mich 135, 137 (1881). See also, *Canvasser v Bankers Trust Co*, 284 Mich 634, 639 (1938). Indeed, in interpreting predecessor foreclosure-by-advertisement statutes, in cases in which the mortgagee had transferred a beneficial interest, but retained record title, this Court has unanimously held that "[o]nly the record holder of the mortgage has the power to foreclose; the validity of the foreclosure is not affected by any unrecorded assignment of interest held for security." *Arnold v DMR Financial*, 448 Mich 671, 678 (1995); see also, *Feldman v Equitable Trust Co,* 278 Mich 619, 624-625 (1937).

We discern no indication that when the Legislature amended MCL 600.3204(1) in 1994, it meant to establish a new legal framework in which an undisputed record holder of a mortgage, such as MERS, no longer possesses the statutory authority to foreclose. Rather, as explained above, the Legislature's use of the phrase "interest in the indebtedness" to denote a category of parties entitled to foreclose by advertisement indicates the intent to include mortgagees of record among the parties entitled to foreclose by advertisement, along with parties who "own[] the indebtedness" and parties who act as "the servicing agent of the mortgage." MCL 600.3204(1)(d). We therefore reverse the Court of Appeals' decision because it erroneously construed MCL 600.3204(1)(d).

CAVANAGH, MARILYN KELLY, and HATHAWAY, JJ., would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 16, 2011

*Corbin R. Davis*

Clerk

t1116