# STATE OF MICHIGAN

# COURT OF APPEALS

---

FIFTH THIRD MORTGAGE COMPANY,

        Plaintiff-Appellee,

v

TIMOTHY M. JODWAY, and ALAINA M.
ZANKE-JODWAY,

        Defendants-Appellants.

UNPUBLISHED
November 14, 2017

No. 333926
Charlevoix Circuit Court
LC No. 2015-029825-CH

---

Before: M. J. KELLY, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

Defendants (the Jodways) appeal by right the trial court's order granting plaintiff's motion for summary disposition under MCR 2.116(C)(7) (claims barred by res judicata).[1] We affirm with respect to defendant Timothy Jodway. We affirm in part and vacate and remand in part with respect to defendant Alaina M. Zanke-Jodway.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In July 2005, the Jodways entered into a purchase agreement to purchase a second home in Boyne City, Michigan (the property) for $649,000. Shortly thereafter, the Jodways executed a mortgage on the property with Fifth Third Mortgage-MI, LLC (Fifth Third LLC), to secure a loan in the same amount. In 2008, the Jodways filed suit in Charlevoix Circuit Court against multiple parties, including Fifth Third LLC and the City of Boyne City. The complaint largely concerned a "storm water easement" that, unbeknownst to the Jodways at the time of purchase, the previous owners of the property had granted to Boyne City and the adverse effects the easement had had on the Jodways' enjoyment of the property. Boyne City removed the case to federal court on federal question grounds based on the Jodways' assertion of claims under 42 USC § 1983. The Jodways filed an amended complaint in the federal court, alleging in pertinent

---

[1] Although the trial court's order does not specify under which subrule it granted summary disposition, the trial court stated at the motion hearing that "res judicata definitely applies to prohibit the Jodways from litigating the issues that have, or should have been litigated in past cases between these parties . . . ."

part that Fifth Third LLC had fraudulently induced them into the mortgage transaction by failing to disclose that, shortly before their purchase of the property, it had been sold for more than $100,000 less than the Jodways' purchase price. The Jodways requested rescission of the note and mortgage. In 2010, the federal district court dismissed the Jodways' claims against many of the party defendants, including Fifth Third LLC, for lack of prosecution.[2] See FR Civ P 41(b).[3]

The Jodways defaulted on the mortgage sometime in 2010. In January 2011, Fifth Third LLC assigned the mortgage on the property to plaintiff. In June 2014, plaintiff initiated foreclosure by advertisement proceedings, but the sheriff's sale was stayed as a result of defendant Timothy Jodway's filing of a Chapter 13 bankruptcy proceeding. In that proceeding, the Jodways filed an adversary complaint against Fifth Third LLC and plaintiff, again asserting fraudulent inducement and claiming that the note and mortgage were void. In April 2015, the bankruptcy court dismissed the complaint with prejudice on the grounds of res judicata and collateral estoppel.[4]

Plaintiff then obtained a termination of the automatic bankruptcy stay as to its interest in the property, and in July 2015 filed the instant complaint for foreclosure. The Jodways did not dispute that the mortgage was in default but maintained, as a defense, that Fifth Third LLC had violated federal laws and regulations. Specifically, the Jodways asserted the affirmative defense of recoupment. They also presented equitable arguments in support of their position that the mortgage was unenforceable. The trial court agreed with plaintiff that the defenses were barred by res judicata and collateral estoppel and granted plaintiff a judgment of foreclosure. The trial court denied the Jodways' motion for reconsideration, and this appeal followed.

## II. STANDARD OF REVIEW

We review de novo a ruling on a motion for summary disposition. *Radu v Herndon & Herndon Investigations, Inc*, 302 Mich App 363, 373; 838 NW2d 720 (2013). We also review

---

[2] After the federal district court remanded the remaining claims to the circuit court, that court dismissed those remaining claims against all remaining defendants. See *Zanke-Jodway v Capital Consultants, Inc*, unpublished opinion per curiam of the Court of Appeals, issued March 27, 2014 (Docket No. 306206), lv den *Zanke-Jodway v Capital Consultants, Inc*, 497 Mich 855 (2014), cert den sub nom *Zanke-Jodway v City of Boyne* City, __ US __; 135 S Ct 2052; 191 L Ed 2d 957 (2015).

[3] FR Civ P 41(b) provides as follows:

(b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-- operates as an adjudication on the merits.

[4] The bankruptcy proceedings were later dismissed in their entirety.

de novo a trial court's equitable decisions, *Capitol Props Group, LLC v 1247 Center Street, LLC*, 283 Mich App 422, 430; 770 NW2d 105 (2009), as well as the applicability of res judicata and collateral estoppel, *Husted v Auto-Owners Ins Co*, 213 Mich App 547, 555; 540 NW2d 743 (1999).

### III.  EQUITABLE AND JUDICIAL ESTOPPEL

The Jodways argue that the trial court erred by not applying equitable or judicial estoppel to plaintiff's action.  We disagree.

> Equitable estoppel arises where a party, by representations, admissions, or silence intentionally or negligently induces another party to believe facts, the other party justifiably relies and acts on that belief, and the other party will be prejudiced if the first party is allowed to deny the existence of those facts.  [*Van v Zahorik*, 460 Mich 320, 335; 597 NW2d 15 (1999).]

"Judicial estoppel is an equitable doctrine, which generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase."  *Spohn v Van Dyke Pub Sch*, 296 Mich App 470, 479; 822 NW2d 239 (2012) (internal quotation marks and citation omitted).  Judicial estoppel will only be invoked to prevent "a miscarriage of justice."  *Opland v Kiesgan*, 234 Mich App 352, 364; 594 NW2d 505 (1999).

The Jodways' estoppel arguments are based on an unrelated case involving Fifth Third LLC.  See *Fifth Third Mtg—MI, LLC v First American Title Ins*, unpublished opinion per curiam of the Court of Appeals, issued March 10, 2015 (Docket No. 318037).  In that case, "the Fifth Third entities," including plaintiff, had maintained that "the automatic assignment agreement between Fifth Third LLC and Fifth Third Mortgage Company," executed in October 2001, meant that notes and mortgages made by Fifth Third LLC automatically were assigned to plaintiff upon closing.  The Jodways argue that Fifth Third LLC's failure to disclose in the federal court action that plaintiff was the actual holder of the mortgage under the assignment agreement constitutes an inconsistent position with the one it took in *First American Title Ins*.  The Jodways contend that the allegations in the complaint and their inquiries in discovery should have prompted Fifth Third LLC to disclose plaintiff's interest in the case, and that its failure to do so led them to believe that the mortgage had not been assigned.  As plaintiff notes, however, the assignment of the mortgage was simply not relevant to the federal court case.[5]  The Jodways were challenging the origination of the mortgage transaction; Fifth Third LLC was therefore the appropriate entity to answer the complaint.  Further, we fail to see how the Jodways suffered any prejudice as a result of the nondisclosure given that the complaint was dismissed for lack of prosecution.  The Jodways fail to show prejudice or a miscarriage of justice that would warrant application of either estoppel doctrine.

---

[5] Nor, for that matter, is it relevant in the instant foreclosure action.  Plaintiff need only establish that it is the mortgage holder of record, see *Arnold v DMR Fin Servs, Inc*, 448 Mich 671, 678; 532 NW2d 852 (1995), which it indisputably is.

The Jodways also argue that Fifth Third LLC and plaintiff have taken inconsistent positions regarding the income requirements for the loan secured by the mortgage at issue. We note that the Jodways did not present this argument to the trial court and therefore it is unpreserved. We conclude that the Jodways have failed to demonstrate plain error. *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 531; 866 NW2d 817 (2014). They argue that in the federal court action, Fifth Third LLC had produced a loan application signed by both of the Jodways on July 30, 2005, and asserted that it had been used by the loan officer in approving the mortgage transaction. That application lists the Jodways' combined income. The Jodways point out that in this action plaintiff provided a different loan application to the trial court, one that only lists Timothy Jodway's income. That application is dated August 3, 2005 and is signed by both of the Jodways. The Jodways assert that

> [i]n concealing Loan Application #3 (Appx I) for the past ten (10) years and in filing Hopper's False Declaration (Appx Q)[6] with Loan Application #2 (Appx L), both Jodways and the courts were wrongfully led to believe the Mortgage (Appx D) was valid.

Although Fifth Third LLC may have provided a different loan application in the federal court case, it does not appear that the issue of which loan application was operative was an issue that was litigated in that case, which, again, was dismissed for lack of prosecution such that Fifth Third LLC could not be said to have "prevailed" based on a "contradictory argument." *Van Dyke Pub Sch*, 296 Mich App at 479. Further, the Jodways admit to having reviewed and signed both loan applications. Hence, we fail to see how Fifth Third LLC has concealed any documents from them. Indeed, the Jodways admit that they "forgot" about the application that plaintiff provided in this case. We conclude that the Jodways have not demonstrated plain error warranting reversal on this issue. Similarly, the Jodways' argument that plaintiff should have been denied a judicial foreclosure under the doctrine of "unclean hands" lacks merit. See *Rose v Nat'l Auction Group, Inc*, 466 Mich 453, 463; 646 NW2d 455 (2002).

## III. RES JUDICATA AND COLLATERAL ESTOPPEL

The Jodways also argue that the trial court erred by ruling that their affirmative defenses were barred by res judicata and collateral estoppel. Except to the limited extent noted below, we disagree. The doctrine of res judicata, "also known as claim preclusion," *Bennett v Mackinac Bridge Auth*, 289 Mich App 616, 629; 808 NW2d 471 (2010), "was judicially created in order to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication," *Hackley v Hackley*, 426 Mich 582, 584; 395 NW2d 906 (1986) (internal quotation marks and citation omitted). "The state courts must apply federal claim-preclusion law in determining the preclusive effect of a prior federal judgment." *Pierson Sand & Gravel, Inc v Keeler Brass Co*, 460 Mich 372, 380-381; 596 NW2d 153 (1999), quoting 18 Moore, Federal Practice, § 131.21[3][d], p 131-50.

---

[6] This document does not appear in the lower court record and we have not considered it. *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002). The July 30, 2005 loan application is a part of the lower court record.

As stated by the United States Court of Appeals for the Sixth Circuit:

*Res judicata* bars a subsequent action "if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." [*Becherer v Merrill Lynch, Pierce, Fenner, & Smith, Inc*, 193 F 3d 415, 422 (CA 6, 1999), quoting *Bittinger v Tecumseh Prod Co*, 123 F 3d 877, 880 (CA 6, 1997).]

Res judicata may bar a subsequent defense that could have been raised as a claim in the first action, or vice versa. See *TolTest, Inc v North Am Specialty Ins Co*, 362 Fed Appx 514, 517 (CA 6, 2010).

The affirmative defenses asserted by the Jodways pertain to the formation of the mortgage and alleged improprieties in the appraisal process. The Jodways made substantially similar claims in the federal court action in which they sought rescission of the note and mortgage. The Jodways argue that the federal court's dismissal of their claims for lack of prosecution does not constitute a decision on the merits. In support, the Jodways point to *Semtek Int'l Inc v Lockheed Martin Corp*, 531 US 497, 503; 121 S Ct 1021; 149 L Ed 2d 32 (2001), in which the United States Supreme Court explained that "it is no longer true that a judgment 'on the merits' is necessarily a judgment entitled to claim-preclusive effect[.]" However, that case did not involve a dismissal for lack of prosecution under the federal court rules; moreover, the issue in *Semtek* was whether, in a federal court action based on diversity of citizenship jurisdiction, the court's dismissal of the plaintiff's claims based on a California statute of limitation precluded the refiling of those claims in Maryland. *Id*. The *Semtek* Court affirmed the rule that, with regard to cases arising under federal question jurisdiction, state courts must look to federal authority to determine their preclusive effect. *Id*. at 507-508.

Here, the federal court case concerned a federal question, and therefore federal law controls the preclusive effect of the dismissal. *Taylor v Sturgell*, 553 US 880, 891; 128 S Ct 2161; 171 L Ed 3d 155 (2008). The Sixth Circuit has held that a dismissal under FR Civ P 41(b) "for lack of progress" is a final decision on the merits for res judicata purposes. *Bragg v Flint Bd of Ed*, 570 F 3d 775, 777 (CA 6, 2009). This comports with decisions from other federal jurisdictions. See, e.g., *Barr v Bd of Trustees of Western Illinois Univ*, 796 F 3d 837, 840 (CA 7, 2015); *La Societe Anonyme des Parfums le Galion v Jean Patou, Inc*, 495 F 2d 1265, 1275 (CA 2, 1974).

The dismissal of the Jodways' claims in the federal action therefore had a preclusive effect, preventing the Jodways from re-litigating those issues in this case. Nonetheless, the Jodways argue that even if res judicata applies, Fifth Third LLC waived the defense of res judicata by not joining plaintiff as an indispensable party to the federal action, and therefore plaintiff, as Fifth Third LLC's assignee, should not be given the benefit of that doctrine in this case. We note that the Jodways did not raise this argument before the trial court until their motion for reconsideration and therefore it is unpreserved and reviewed for plain error. See *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009).

The Jodways rely *United Servs Auto Ass'n v Nothelfer*, 195 Mich App 87, 89-90; 489 NW2d 150 (1992), for the proposition that failure to join a necessary party waives the defense of res judicata. However, federal caselaw controls this inquiry. The Jodways do not provide any federal authority on this matter, and we will not search for it. *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2 388 (1959).[7] The Jodways have failed to show plain error.

The Jodways also argue that plaintiff was not in privity with Fifth Third LLC and that res judicata therefore does not apply. We disagree. The Sixth Circuit has defined privity to "mean[] a successor in interest to the party, one who controlled the earlier action, or one whose interests were adequately represented." *Sanders Confectionery Prods, Inc v Heller Fin, Inc*, 973 F 2d 474, 481 (CA 6, 1992). A successor in interest is "[o]ne who follows another in ownership or control of property" and "retains the same rights as the original owner." *Black's Law Dictionary* (10th ed). Plaintiff, as an assignee, would seem to be a successor in interest. See *Indian Harbor Ins Co v Zucker for Liquidation Trust of Capital Bancorp Ltd*, 860 F3d 373, 375 (CA 6, 2017). Further, a party's interests may be adequately represented if they share "a common economic interest in attempting to satisfy a single debt . . . ." *In re Colonial Mtg Bankers Corp*, 324 F 3d 12, 19 (CA 1, 2003); see also *Gulf Power Co v FCC*, 669 F 3d 320, 323 (DC Cir, 2012). The trial court did not err by finding that plaintiff was in privity with Fifth Third LLC.

The final matter for res judicata purposes is *what* claims or defenses are barred by dismissal of the prior action. "In order for the third and fourth elements [of res judicata] to be satisfied, 'there must be an identity of the causes of action, that is, an identity of the facts creating the right of action and of the evidence necessary to sustain each action.' " *Holder v City of Cleveland*, 287 Fed Appx 468, 470-471 (CA 6, 2008), quoting *Westwood Chemical Co v Kulick*, 656 F 2d 1224, 1226 (CA 6, 1981). "The now-accepted test in preclusion law for determining whether two suits involve the same claim or cause of action depends on factual overlap, barring claims arising from the same transaction." *United States v Tohono O'Odham Nation*, 563 US 307, 316; 131 S Ct 1723; 179 L Ed 2d 723 (2011) (internal quotation marks and citation omitted). The Jodways previously sought rescission of the note and mortgage, alleging fraudulent concealment in the appraisal process that induced them into the mortgage transaction. Accordingly, the Jodways are barred from litigating any claims arising from the mortgage formation, including their various claims regarding the propriety of the appraisal.

We agree with the Jodways, however, that they are not barred under the doctrine of res judicata from asserting a defense of recoupment[8] premised on plaintiff's alleged violation of the

---

[7] It is difficult to see how plaintiff was a necessary party to the federal action in any case, when the assignment of the mortgage (to plaintiff) was not recorded until 2011.

[8] As our Supreme Court has described:

> The defense of recoupment refers to a defendant's right, in the same action, "to cut down the plaintiff's demand, either because the plaintiff has not complied with some cross obligation of the contract on which he or she sues or because the plaintiff has violated some legal duty in the making or performance of that contract." 20 Am Jur 2d, Counterclaim, Recoupment, etc., § 5, p 231.

Equal Credit Opportunity Act, 15 USC 1691 *et seq*. (ECOA). A claim under the ECOA would have been time-barred as of the time the Jodways first filed suit in 2008, and they therefore could not have brought such a claim in that action. See 15 USC § 1691e(f) (prior to amendment by PL 111-203, 124 Stat 1376). However, "[t]he expiration of a limitations period does not prevent [a] defendant from raising a recoupment defense as long as the plaintiff's action is timely." *McCoig Materials, LLC v Galui Const,* Inc, 295 Mich App 684, 695; 818 NW2d 410 (2012); see also *Mudge v Macomb Co,* 458 Mich 87, 107; 580 NW2d 845 (1998). A recoupment defense premised on a violation of the ECOA may, if successful, invalidate a spouse-guarantor's guaranty of a mortgage, as well as other remedies permitted by the ECOA. *RL BB Acquisition, LLC v Bridgemill Commons Dev Group, LLC*, 754 F 3d 380, 386, 388 (CA 6, 2014).

Defendant Alaina M. Zanke-Jodway properly raised the affirmative defense of recoupment and asserted that plaintiff had required her to be a spouse-guarantor in violation of the ECOA. See *RL BB Acquisition,* 754 F3d at 389. Defendant Timothy Jodway also identified Alaina as the spouse-guarantor with himself as the creditworthy spouse. See *id*. The trial court did not address this defense. Therefore, under to *RL BB Acquisition,* we vacate the portion of the trial court's award to the extent that it dismissed defendant Alaina M. Zanke-Jodway's recoupment defense as a spouse-guarantor, and remand for further proceedings on that issue.[9]

---

Recoupment is "a doctrine of an intrinsically defensive nature founded upon an equitable reason, inhering in the same transaction, why the plaintiff's claim in equity and good conscience should be reduced." *Pennsylvania R Co v Miller*, 124 F2d 160, 162 (CA 5, 1941).

[*Mudge v Macomb Co*, 458 Mich 87, 106-107; 580 NW2d 845 (1998).]

[9] Without limiting the trial court's consideration of the issue on remand, the trial court should consider, for example, whether the Jodways' claim for recoupment based on plaintiff's alleged pre-contract violation of the ECOA is "premised on the same contract or *transaction*," *McCoig Materials, LLC*, 295 Mich App at 698, as the foreclosure action, which was based on an alleged default under the terms and conditions of the mortgage.

Affirmed with respect to defendant Timothy Jodway. Affirmed in part, vacated in part, and remanded only with respect to defendant Alaina M. Zanke-Jodway's assertion of a recoupment defense based on a violation of the ECOA and her alleged status as a spouse-guarantor.[10] We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Amy Ronayne Krause
/s/ Mark T. Boonstra

---

[10] The Jodways' assertion of a recoupment defense based on alleged deficiencies in the appraisal used by Fifth Third LLC in approving their loan is meritless. The Jodways provide no authority for the proposition that deficiencies in an appraisal render a mortgage and note illegal and unenforceable. See *Mitcham*, 355 Mich at 203. Further, they provide no evidence that any claims related to the appraisal could not have been raised in the federal action.